### Gracie BARKER

v.

### David MATHEWS, Secretary of Health, Education and Welfare.

#### Civ. No. 3–76–61.

United States District Court,
E. D. Tennessee, N. D.

Aug. 23, 1976.

---

J. Gregory O'Connor, Knoxville, Tenn., for plaintiff.

Edward E. Wilson, Asst. U.S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action to review the final decision of the Secretary of Health, Education and Welfare denying plaintiff's claim for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.* Before the Court is plaintiff's motion for summary judgment. The Court has received briefs and heard oral arguments on the issues raised herein.

Plaintiff is a 70-year-old single resident of Knox County, Tennessee. This is the first time she has ever filed for public assistance. She filed her application for Supplemental Security Income (S.S.I.) benefits on November 11, 1974. (Tr. 17). The Secretary made an initial determination that plaintiff was ineligible for S.S.I. benefits on November 13, 1974 (Tr. 33), and plaintiff requested a reconsideration. Her claim for S.S.I. benefits was again denied on February 14, 1975 on the grounds that she ex-

ceeded the $1500.00 resource limitation. (Tr. 34). Plaintiff requested an administrative hearing and waived her right to appear at the hearing. (Tr. 12–A). The Hearing Examiner rendered a decision on July 15, 1975, favorable to the plaintiff, *i.e.,* he found that her resources, other than those excluded, did not exceed the $1500.00 limitation. (Tr. 12).[1]

Almost five months after the Hearing Examiner rendered his favorable decision, the Appeals Council, on its own motion, notified the plaintiff that it intended to "reopen and revise" the decision on her claim pursuant to 20 C.F.R. §§ 416.1475, 416.1477, and 416.1479. (Tr. 56). These new amendments to the Regulations (effective June 3, 1975) allow the Secretary to "reopen and revise" an otherwise "final determination" within two years from the date of the notice of initial determination where "good cause" is found. *See* 40 Fed. Reg. 23846 (1975). "Good cause" in this case evidently falls under the category of "new and material evidence." (§ 416.-1479(b)). Based on this new evidence, the Appeals Council reopened the decision and reversed the Hearing Examiner. The Council found that the plaintiff had resources in the amount of $2,255.00, well over the $1500.00 limitation, and she was therefore ineligible for S.S.I. benefits.

Plaintiff now seeks judicial review of this final decision of the Secretary under the authority of 42 U.S.C. § 1383(c)(3) and 42 U.S.C. § 405(g).

■ The first issue raised on review concerns the time limit imposed on the Appeals Council to review, on its motion, a Hearing Examiner's decision.[2] As mentioned previ-

1. The Hearing Examiner did *not* grant plaintiff S.S.I. benefits but noted that if a "current evaluation of disability and income" were also favorable she would be so entitled. (The Examiner surely meant "age" not "disability", as plaintiff bases her entitlement to S.S.I. benefits on her age not a physical disability. Entitlement to S.S.I. benefits can be based on age, disability or blindness.)

2. The Court found some serious errors in the notices mailed to the plaintiff. The official notice, sent to the plaintiff with the written

decision of the Hearing Examiner, informed the plaintiff that she had only "*60 days*" to request a review by the Appeals Council. (Emphasis in original) (Tr. 7).. The Regulations clearly state that a claimant must request review by the Appeals Council within 30 days of notice of the decision. 20 C.F.R. § 416.1462(a).

The same official notice also informed the plaintiff that the Appeals Council "may decide *on its own motion within 90 days*" to review and possibly to change the decision, and that if

ously, the Appeals Council purported to review the decision under the 1975 amendments to the Regulations, which authorize review for "good cause" within two years from the date of the initial determination. (The initial determination in plaintiff's case was made on November 13, 1974.) The Court will assume that the new evidence furnished to the Appeals Council was sufficient to constitute "new and material" evidence and thereby supply "good cause" and fall within the two year period authorized by the Regulations. 20 C.F.R. § 416.-1479(b).

The second issue raised before the Court goes to the merits of plaintiff's claim for S.S.I. benefits. The primary disagreement between the plaintiff and the Secretary concerns the value of her interest in an undivided inherited estate of real property, which she owns in common with her twin sister and her two brothers.

Plaintiff's father, J. H. Barker, died intestate in 1926. Thus, the 70 acre tract with the old homeplace passed to his heirs at law (plaintiff, her sister and two brothers) with a dower interest in his wife. J. H. Barker's wife (plaintiff's mother) died in 1950, leaving full ownership to the four children. (Tr. 54). This 70 acre tract of land and the old homeplace (over 100 years old) are the primary ingredients of the estate. Plaintiff and her twin sister, Nellie Barker, live in the old homeplace on this 70 acre tract, and there is no disagreement that plaintiff's resources include the value of a one-fourth share of the original undivided estate (i. e. the 70 acres and the original home).

The Secretary contends, however, that some additions have been made to this original estate, and there is disagreement about which of these should be included in the value of the estate. An additional one acre tract was purchased by Herbert Barker (plaintiff's brother) in 1944. There is disagreement on whether this one acre is now part of the estate. There appears to be substantial evidence in the record to support the Secretary's conclusion that this one acre should be included in the estate. (Tr. 40, 47). There is also a trailer parked on the estate, which the Secretary included in the evaluation of the estate. Herbert Barker explained that the trailer belongs to a handy man who parks it on the estate and uses it as his home, with Mr. Barker's permission. The handy man reimburses Mr. Barker for the resulting additional taxes. (Tr. 54–55). Based on this uncontradicted evidence, the Court concludes this trailer should not be included in the estate.

The final alleged addition to the estate, about which there is substantial disagreement as to its inclusion, is Herbert Barker's residence. He built this house on the 70 acre tract in 1933. (Tr. 45). This house was built by Mr. Barker with his own funds. The question is whether the value of his home, built on the estate, should be included in the value of the estate to be charged against the plaintiff.

The Secretary concluded in the affirmative, based solely on the legal interpretation offered by the Clerk and Master of the Chancery Court of Knox County. The Clerk stated, in response to questions posed by the Secretary's representative, that:

"Any permanent fixtures (i. e. house or buildings with foundations) or improvements on the land also becomes part of the undivided whole. It is not possible for any one of the heirs or anyone else to own wholly any building on the property, without also owning the property. If one

such decision was made she would be "notified promptly." But the Regulations clearly state, "The Appeals Council may, on its own motion, within 30 days . . . reopen a decision for review . . ." 20 C.F.R. § 416.1463.

Also, the notice contained *no* mention of the powers given the Appeals Council in the 1975 Amendments to "reopen and revise" decisions within *much longer* periods of time (in some circumstances, up to two years, as in the present case). 20 C.F.R. §§ 416.1475 to 416.-1487.

In the future we would hope that the Secretary would undertake, when sending official notices to claimants, to state the time periods accurately and to mention all possible means whereby the decision of the Hearing Examiner may be reviewed and changed at a later date. Claimants are entitled to know at what point the decision, in reality, becomes "final."

of the heirs builds a house on the property, it obviously enhances the property—ups its value and becomes part of the undivided whole."

"A person may sell his percentage share of the undivided whole. Also a person may petition the court requesting that the property be sold or divided and his share be determined and paid to him. This can be done without the consent of the others." (Tr. 51–52).

Relying on this interpretation of the Tennessee law, the Secretary charged the full value of Herbert Barker's home to the estate before determining the value of plaintiff's one-fourth share therein. (Tr. 5).

The Supreme Court of Tennessee has considered this issue previously, and has held:

"When one tenant in common, at his own expense, puts improvements on the common property, and afterwards partition in kind is made, such improvements should be allotted to the share of the party making them, and without any charge for their value." *Polk v. Gunther*, 107 Tenn. 16, 64 S.W. 25 (1901)

The Court and counsel for both parties have been unable to find any other case law in Tennessee on this point. One secondary source outlined the general law in this area:

"When the equitable claim of the improving tenant can be fully recognized and protected by awarding him the part which he has improved, the question of requiring the other cotenants to make compensation is not involved. They get their full shares of the property, *without any charge or burden on them because of the improvement*." (footnotes omitted) (emphasis added). 59 Am.Jur.2d *Partition* § 52 (1971).

If the partition had to be by sale, the general law is:

"The extent of one cotenant's right to compensation in a sale under partition proceedings for improvements he has made on the property is the extent to which his improvements are shown to have enhanced the value of the property, at the time of the sale. The original cost of the improvement is not the amount to be allowed, because it might result in the other owners being improved out of their property by an extravagant or unbusinesslike cotenant, and the improvement may have depreciated at the time of sale." (footnotes omitted). 59 Am.Jur.2d *Partition* § 53 (1971).

Thus, it appears that under the law of Tennessee and the general law, if plaintiff caused the partition in kind of the estate, she would not be charged for the value of her brother's home. Also, under the general law, if the partition had to be by sale, plaintiff would not receive any of the proceeds attributable to the increase in value of the whole estate resulting from her brother's house.

Therefore, the Court holds that the value of Herbert Barker's home should not be included in the evaluation of the estate, one-fourth of which is to be charged against the plaintiff in determining her eligibility for S.S.I. benefits.

The Secretary relied on the Knox County Tax Assessor's record property values as conclusive evidence of the value of all the property mentioned above. Using these recorded values, he reached a total value for the estate of $34,020.00. (Tr. 5, 46). The Court has excluded from the total the value of the trailer ($80.00) and the home of Herbert Barker ($8,820.00), which would result in a smaller total value of the estate, *i.e.*, $25,120.00. The plaintiff is entitled to an exemption for her home (including land that appertains thereto) in the amount of $25,000.00. 20 C.F.R. § 416.1212. This leaves a $120.00 nonexempt value for the estate, of which plaintiff is charged with a one-fourth interest, *i.e.* her interest is worth $30.00. Adding this $30.00 to her savings account (as of the time of the hearing) in the amount of $1,345.36 (Tr. 43), gives a total value for plaintiff's resources at $1,375.36. This value falls below the $1,500.00 limit, and she is therefore not precluded from S.S.I. benefits because of her resources.

For the foregoing reasons, it is ORDERED that the plaintiff's motion for sum-

mary judgment be, and the same hereby is, granted. The decision of the Appeals Council is hereby overruled, and the Hearing Examiner's finding of eligibility on the resources requirement is reinstated. The Secretary shall, therefore, further evaluate plaintiff's eligibility under the Act and award whatever benefits to which the plaintiff is so entitled.

Plaintiff's attorney has advised the Court that he also represents plaintiff's twin sister, Nellie Barker, who has a pending civil action against the Secretary on the same issues of law and fact as raised in the case at bar. (Civ. 3–76–60). The Secretary is hereby instructed to inform the Court within five days from the date of this memorandum, what, if any, factual or legal issues are different in Nellie Barker's case from those considered herein. If the facts are identical, the same rule of law will control and the Court can dispose of the case without putting the Government to the expense of preparing a complete record.

Order Accordingly.