Willie C. WALLACE, Plaintiff-Appellant,

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 75–1624.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 3, 1975.

Decided Feb. 2, 1976.

---

**6.** See also *Alyeska,* 421 U.S. at 257–58, 95 S.Ct. 1612. *Lewis v. Texaco Inc.,* 527 F.2d 921, 926–927 (2d Cir. 1975).

Stewart R. Jaffy, Clayman & Jaffy, Thomas H. Grace, Columbus, Ohio, for plaintiff-appellant.

William W. Milligan, U. S. Atty., Columbus, Ohio, William Kanter, Thomas G. Wilson, Appellate Section, Civil Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before PHILLIPS, Chief Judge, and MILLER and LIVELY, Circuit Judges.

LIVELY, Circuit Judge.

This is an appeal from a judgment dismissing an action brought to review a decision of the Secretary of Health, Education and Welfare refusing to reopen plaintiff-appellant's July 22, 1970 application for Social Security insurance disability benefits and denying his 1973 application for such benefits. On appeal it is claimed that the Social Security Administration erred in applying administrative res judicata to dismiss an application to reopen without affording the claimant a hearing and that the Secretary abused his discretion in refusing to reopen the 1970 application.

The claimant, Willie Wallace, is a 44-year-old laborer with an eighth grade education. While working as a carpenter's helper he suffered injuries in 1965 and 1966. The latter injury occurred when he fell from scaffolding and injured his back, neck and shoulder. He has not worked since August 1966 and has received workmen's compensation benefits based on an adjudication of temporary total disability. The last date on which the claimant met the special earnings requirement of the Social Security Act was September 30, 1969.

Wallace first applied for disability benefits on October 17, 1967. This application was disallowed initially on April 26, 1968 and, after reconsideration, on November 21, 1968. The claim of disability was based on injuries to the head and back together with swelling of the legs, all related to the fall suffered in 1966. Though advised of his right to request a hearing within six months, Wallace did not pursue this application further.

On July 22, 1970 Wallace filed a second application for benefits, again relating his claim of disability to the 1966 accident and listing injuries to his back and head, and kidney problems as the causes of disability. Following disallowance of this application initially and upon reconsideration, the claimant requested a hearing which was held on March 16, 1972. Wallace was not represented by counsel and he and his wife testified briefly at the hearing. In addition, 48 exhibits were made part of the hearing record with the consent of the claimant. These documents included

medical and hospital reports which had been considered in connection with Wallace's 1967 application. On April 19, 1972 the hearing examiner rendered a decision "that the claimant is not entitled to a period of disability or to disability insurance benefits." The examiner found that Wallace's failure to request a hearing within six months after the November 21, 1968 determination rendered that decision final and res judicata on the question of disability and benefit entitlement between the date of the accident and November 21, 1968. The examiner, therefore, considered only the question of "whether the claimant may be found to be under a disability which began some time after November 21, 1968, but not later than September 30, 1969 . . . . ." The examiner then summarized the medical and hospital reports which had been considered in connection with the previous application, his observations of Wallace at the hearing, the testimony of Mr. and Mrs. Wallace and the medical and hospital reports related to the period after November 21, 1968. The examiner concluded, upon evaluation of the entire record that "there has been no significant change in the claimant's condition between November 21, 1968 . . . and September 30, 1969 . . . ." He determined that Wallace's condition as of the latter date would not have prevented him from doing the work of a janitor at a bowling alley which Wallace had testified was the lightest work he had previously done.

Wallace requested review of the examiner's decision and was notified on June 19, 1972 that the Appeals Council found the decision to be correct. The same letter also advised that review of the decision by a court could be obtained by filing a civil action within 60 days. No such action was commenced, but claimant filed a third application for benefits on January 29, 1973, indicating for the first time that he was represented by an attorney. Again the claim of disability was based on injuries to the head, back, shoulder and arms related to the scaffolding accident in 1966. There was sub-

mitted in support of this application a medical report of a Dr. Dorgan dated January 29, 1973. Dr. Dorgan had been shown in earlier medical and hospital reports as Wallace's regular physician. In the January 29, 1973 letter Dr. Dorgan said that Wallace was permanently and severely impaired, and unfit for work entailing responsibility or "requiring stress judgement [sic]." On February 2, 1973 claimant's attorney requested a reopening of the previous applications and an opportunity to review the file. On May 3, 1973 a disability determination was issued holding that Wallace was not under disability on or before September 30, 1969 on the basis of a finding that the previous decision was res judicata. It was also determined that there was no basis for reopening the previous application.

Claimant's attorney next sent to the Social Security Administration a letter report from Dr. Dorgan dated July 19, 1973 in which it was stated that Wallace was "completely and totally disabled from performing all gainful work prior to September 30, 1969." A request for hearing was filed in which it was indicated that Wallace wished to appear and that he had new evidence. The attorney then filed a formal request for reconsideration and attached a copy of Dr. Dorgan's July 19, 1973 letter as additional evidence. On November 26, 1973 the administrative law judge wrote to Wallace's attorney advising that administrative res judicata applied to the case and inviting him to submit any new and material evidence. Nothing further was forthcoming and an order dismissing the third application was filed on December 13, 1973.

After reciting the previous history of the case, including a summary of the medical evidence considered in reaching the 1972 determination, the December 13 order stated—

The only additional evidence submitted in support of the claimant's third application consists of two statements from Dr. J. Quinn Dorgan, Jr., dated January 29, 1973, and July 19, 1973.

He describes the same complaints presented by the claimant in his two earlier applications, and lists diagnoses which are more in the nature of psychiatric problems than physical problems. Dr. Dorgan, who is a general practitioner, with a specialty in neurology, concluded that the claimant is disabled and has been totally disabled since September 30, 1969.

The record shows that Dr. Dorgan submitted a statement in connection with the claimant's previous applications, in which he stated that the claimant's range of motion was restricted by 50% on all planes because of a chronic sprain of the neck and low back. He described the claimant's mental status, at that time, as "O.K.".

The issues in this case are to be determined on the basis of the facts and circumstances which existed as of September 30, 1969, when the claimant was last insured. Any conditions which arose for the first time, or which became disabling for the first time after that date would be beyond the scope of the issues in this case. I find that the additional evidence submitted with the claimant's latest application does not constitute new and material evidence, does not indicate that the prior determinations were incorrect, and does not warrant a reopening of such prior determinations. (20 CFR 404.957 and 404.958.)

The request for hearing was dismissed on a finding that the decision of April 19, 1972 was res judicata as to the issues raised by the latest application. Claimant requested review of this decision and submitted another letter from Dr. Dorgan dated December 14, 1973 stating that he considered Mr. Wallace to have been totally disabled since 1966. On February 12, 1974 the Appeals Council upheld the decision of the administrative law judge. This action was then filed in the district court. A different attorney was employed for these proceedings.

The district court granted the Secretary's motion to dismiss upon finding that Wallace conceded that prior "adverse determinations of his previous claims are res judicata," and that the Secretary did not abuse his discretion in refusing to reopen these determinations. In his opinion the District Judge reviewed the earlier proceedings and the medical evidence. He noted the conflicts in the medical evidence and the fact that the April 19, 1972 decision of the hearing examiner disclosed that he had considered this evidence. The District Judge then set forth a detailed analysis of the new material which Wallace had filed in connection with his third application. The reports of Dr. Dorgan were held not to be "new and material evidence" and thus not good cause for reopening within the definition contained in 20 C.F.R. § 404.958. The district court further found that the other good cause for reopening asserted by the claimant—error on the face of the evidence as to the determination or decision—likewise did not exist.

A motion for reconsideration was duly filed. In that motion Wallace contended that the *ex parte* dismissal of his request for a hearing by the administrative law judge deprived him of an opportunity to demonstrate error on the face of the administrative record. The district court held that claimant had had opportunities to demonstrate error on the face of the record at each stage of the proceedings and had failed to do so. A clerical error in the transcript of claimant's hearing on the second application was held not to be an error on the face of the record within 20 C.F.R. § 404.958(c).

█ We find no merit in claimant's contention that his motion to reopen could not be disposed of on res judicata grounds without a hearing. Claimant admits "that he did not exhaust the possibilities for administrative review of his first application and did not seek judicial review of his second application." Under these circumstances the regulations provide that an administrative law judge may dismiss a request for a hearing on res judicata grounds. 20 C.F.R. § 404.937(a). The regulations which per-

mit the reopening of final decisions of the Secretary contain no provision for a hearing on a motion to reopen. 20 C.F.R. §§ 404.957 and 958.

The second contention of the appellant is that the district court erred in determining that the Secretary did not abuse his discretion in refusing to reopen. The Secretary contends that this court has no jurisdiction to review an order refusing to reopen an application. In *Maddox v. Richardson,* 464 F.2d 617 (6th Cir. 1972), it was held that judicial review of such an order is proper under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* This holding was reaffirmed in the recent case of *Hunt v. Weinberger,* 527 F.2d 544 (6th Cir. 1975), in which it was determined that the decision of the Supreme Court in *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), does not require a different holding.

Consistent with the purpose of avoiding harsh results in disposing of claims under the Social Security Act on the basis of legal technicalities, there is a provision in the Secretary's regulations for relaxation of the res judicata doctrine. *See Hunt v. Weinberger, supra,* at 548. The regulations provide for reopening within four years of the initial determination upon a finding of good cause. 20 C.F.R. § 404.957(b). "Good cause" requires either that the claimant produce new and material evidence, disclose clerical errors or demonstrate that there is error on the face of the evidence on which the previous decision was based. 20 C.F.R. § 404.958(a), (b), (c). None of these requirements was met in the present case.

As has been noted, the District Judge carefully reviewed and evaluated the new documents offered in connection with claimant's third application and found they did not constitute new and material evidence. We find no error in this determination. The assertion of clerical errors is likewise without merit. The claim of error on the face of the evidence requires that we review the en-

tire record, beginning with the first application. Claimant argues that res judicata should not be applied to prevent a later hearing by one who was not represented by counsel at an earlier hearing and was suffering from mental defects.

The record discloses that Mr. Wallace had an I.Q. of 67 which is in the mental defective category, but the psychologist who reported this fact stated that he believed Wallace's potential was considerably higher and that any visual motor damage which he had suffered would not interfere with his usual work. There was a distinct conflict in the opinions of the psychologists, neurologists and psychiatrists who examined the complainant as to whether he suffered from any disabling mental condition. However, Dr. Dwight M. Palmer, a Board-certified psychiatrist, found no evidence that Mr. Wallace had any neurological or mental illness. The general allegations of mental incompetency now made by counsel for the claimant are not sufficient to so weaken the decision of April 19, 1972 as to preclude the application of res judicata.

With regard to the claim that res judicata should not be applied to the earlier determination because claimant was not represented by counsel, the record clearly discloses that when Wallace was represented by counsel in the proceedings on the third application no new acceptable evidence or legal arguments were presented. In considering this issue in *Davis v. Richardson,* 460 F.2d 772, 775 (3d Cir. 1972), the court stated:

> Obviously there was no clear prejudice in the [earlier] hearing due to lack of counsel and faulty waiver . . . since in the hearing where these handicaps were not present, the same result was necessarily reached.

In *Green v. Weinberger,* 500 F.2d 203 (5th Cir. 1974), a claimant sought to avoid res judicata on the double-barreled claim of mental deficiency and lack of counsel. The court found no disability approaching the level of mental illness and no material prejudice from lack of counsel at the earlier hearing. The same

conclusion is compelled by the present record, and the district court correctly applied the decision in *Gaston v. Richardson,* 451 F.2d 461 (6th Cir. 1971), in upholding the dismissal of the third application without hearing on the basis of res judicata.

Contrary to an assertion of appellant's counsel, the April 1972 determination was not based solely on res judicata for failure to proceed after the administrative denial of his first application. The record clearly shows that res judicata was applied only to the period ending with the first determination and that the examiner considered all evidence which related to the period between the first determination and the end of eligibility. Thus, there were separate determinations of no disability related to two successive periods of time. A study of the entire history of this case reveals a number of requests for further evidence of disability and a specific invitation to claimant's first attorney to provide such evidence to the administrative law judge before his decision of the third application. Medical evaluations of at least eight doctors were considered in reaching the determination of no disability. Though Mr. Wallace had limited education and some indications of mental deficiencies, he sent at least two hand-written letters to the Social Security Administration about his case and responded adequately to questioning at the March 1972 hearing.

In *Lauritzen v. Weinberger,* 514 F.2d 561 (8th Cir. 1975), the court held that there must be a showing of clear injustice or manifest error in the record to constitute good cause for reopening under C.F.R. § 404.957(c)(8) which employs identical language to that used in § 404.-958(c). Applying this standard we find no abuse of discretion in the Secretary's refusal to reopen Mr. Wallace's previous application.

The judgment of the district court is affirmed.