**Curtis WILLIFORD, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. C–3–80–29.**

United States District Court, S.D. Ohio, W.D.

July 26, 1982.

---

John A. Cervay, Dayton, Ohio, for plaintiff.

Joseph E. Kane, Asst. U.S. Atty., Columbus, Ohio, for defendant.

DECISION AND ENTRY REJECTING MAGISTRATE'S REPORT IN ITS ENTIRETY; PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OVERRULED; DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OVERRULED; CASE REMANDED FOR FURTHER PROCEEDINGS; TERMINATION ENTRY

RICE, District Judge.

This matter is before the Court pursuant to Defendant's objections, filed under 28

U.S.C. § 636(b)(1)(C), to the Magistrate's Report and Recommendation that Plaintiff's motion for summary judgment be sustained.

Plaintiff has filed three applications for social security benefits; this case involves the last application. He first filed an application for a period of disability and disability insurance benefits on June 1, 1976, which was denied on September 9, 1976. Plaintiff filed a second application on April 4, 1978, which was denied on September 26, 1978. Plaintiff did not further appeal the denial of said applications. Lastly, Plaintiff filed applications for a period of disability and disability insurance benefits, and supplemental security income on October 12, 1978, and October 26, 1978, respectively, alleging that he had been disabled and unable to work since March 31, 1977, due to recurrent ventral herniae, chronic pancreatitis, diabetes, and poor vision. The claims were denied initially, and upon reconsideration by the Social Security Administration, whereupon Plaintiff requested a hearing. On September 25, 1979, a hearing was held before an Administrative Law Judge (ALJ), before whom Plaintiff appeared with his attorney. In addition, the ALJ received testimony from Samuel Feldman, a vocational expert. On October 12, 1979, the ALJ rendered a decision finding that Plaintiff was not under a disability and was not entitled to benefits. Plaintiff then requested review by the Appeals Council, and the Council affirmed the ALJ's decision on November 30, 1979.

On January 25, 1980, Plaintiff filed his complaint in this Court, seeking judicial review of the administrative decision, and the matter was referred to the United States Magistrate on the same date. Plaintiff filed his motion for summary judgment on June 3, 1980. Despite being granted an extension of time until July 10, 1980, Defendant failed to timely file a motion for summary judgment, or to otherwise plead. On July 14, 1980, Defendant moved for an additional extension of time in which to file a motion for summary judgment or otherwise plead. The Magistrate issued his report on July 21, 1980, overruling Defend-

ant's latter motion and recommending that Plaintiff's motion for summary judgment be sustained. In said Report, the Magistrate pointed out that Defendant had not pleaded within the permissible deadline, and that he reached his recommended decision by examining the administrative record, and by considering Plaintiff's motion for summary judgment. Report at 1–2.

On July 21, 1980, Defendant also filed a motion for summary judgment. Ten days later, Defendant filed a motion requesting this Court to review the Magistrate's decision, contending that, in reality, the Magistrate was recommending an impermissible default judgment, and that, in any event, the Report did not specifically set forth the reasons for the decision contained therein.

## I. THE MAGISTRATE DID NOT RECOMMEND AN IMPERMISSIBLE DEFAULT JUDGMENT, AND HIS REPORT SPECIFICALLY SETS FORTH THE REASONS FOR HIS CONCLUSION

 In several cases, procedurally similar to the instant matter, this Court has considered, and rejected, the Secretary's arguments that the Magistrate recommended an impermissible default judgment, and that his Report failed to provide an adequate basis for his conclusion that Defendant's decision was not supported by substantial evidence. *See, Estes v. Harris,* 512 F.Supp. 1106, 1109–12 (S.D.Ohio 1981); *Johnson v. Harris,* 512 F.Supp. 339, 342–45 (S.D.Ohio 1981). The discussion in those cases is fully applicable to the Magistrate's Report under review in this case. Said Report, either in effect or in actuality, does not recommend the entering of a default judgment against the Secretary. In addition, the Magistrate adequately stated the reasons for his conclusion, by referring to Plaintiff's motion for summary judgment, and the memorandum attached thereto. Accordingly, the Report will not be rejected by this Court on these bases.

The Court now turns toward its obligation to examine said Report on a *de novo*

basis. In so doing, the Court notes that it has examined the entire record. In addition, the Court has analyzed the legal arguments and factual references raised by Defendant in his motion for summary judgment and accompanying memorandum, although such consideration was certainly not required, in light of the untimely filing of those documents.

## II. DE NOVO REVIEW

In reviewing the decision of the Secretary, the Magistrate's task is to determine if that decision is supported by "substantial evidence." Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections having been made to the Report of the Magistrate, is required to make a *de novo* review of those recommendations of the Magistrate's Report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of fact by the Secretary are supported by "substantial evidence." 42 U.S.C. § 405(g); *Parish v. Califano*, 642 F.2d 188, 189 (6th Cir.1981). The Supreme Court has stated that substantial evidence means:

> [M]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). *See also, Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981); *Gibson v. Secretary of Health, Ed. and Welfare*, 678 F.2d 653, 654 (6th Cir. 1982).

To obtain benefits under the Social Security Act, the burden is initially on the claimant to show disability which prevents him from performing his usual work. The disability must result from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(C). Once the claimant establish-

es a prima facie case of disability, the burden shifts to the Secretary to go forward with proof that the claimant has residual capacity for substantial gainful employment, and that there are jobs in the national economy which the claimant can perform. *Young v. Califano*, 633 F.2d 469, 470 (6th Cir.1980); *Slaven v. Harris*, 508 F.Supp. 280, 283 (S.D.Ohio, 1981). To meet this burden, the Secretary must show that the claimant can engage in substantial gainful work in light of the claimant's age, education, work experience, and physical condition. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Such a showing is met by reliance on the testimony of a vocational expert, or by applying the relevant medical-vocational guidelines. *Kirk, supra*, 667 F.2d at 530–31.

At the outset, the time frames within which Plaintiff must establish his disability should be noted. Plaintiff has had two previous applications for benefits denied, the last on September 26, 1978, and did not appeal either denial. Thus, as Defendant correctly observes, the previous denials must be given a res judicata effect by this Court. *Gibson, supra; Bagby v. Harris*, 650 F.2d 836 (6th Cir.1981). The practical consequence of this determination is that the ALJ, and this Court upon review, can only consider evidence in the record *after* September 26, 1978 (the date of the last denial of benefits). *Gibson, supra; Wallace v. Weinberger*, 528 F.2d 700, 705 (6th Cir. 1976). Although the ALJ did not explicitly refer to such evidence preclusion, he was aware of the previous denials (Tr.13), and only based his decision on evidence in the record after the aforementioned date. (Tr. 14–17).

Plaintiff herein was born on October 20, 1930, graduated from high school, attended almost a year of college, and served nine years in the Army. He has worked as a store manager, auto mechanic, and mess sergeant. (Tr.29–38). The record indicates that he is presently on a 100% Veterans Administration disability pension.[1]

1. As the ALJ observed (Tr.16), while the dis-

ability finding of the Veterans Administration

■ Having carefully considered the evidence in the record, within the time frames noted above, the Court finds that the ALJ accurately summarized and evaluated the relevant medical evidence (Tr. 14–17), in reaching his decision that Plaintiff was not under a disability. Nevertheless, for reasons to be presently noted, the Court finds that a remand is appropriate.

In his motion for summary judgment, Plaintiff advances four reasons to support his argument that the ALJ's decision is not supported by substantial evidence (Doc. # 9, p. 7). The first two reasons can be disposed of rather quickly. Plaintiff argues that his four surgeries for abdominal hernia provide objective evidence of disabling pain, and that said operations support Dr. Anderson's conclusion (Tr.226–28) that Plaintiff is disabled. While this Court does not make light of Plaintiff's ailments, or the surgery he has undergone, the Court's task, on reviewing the ALJ's decision in this case, is a limited one. Plaintiff's rationales are considerably undercut by the *previous* denials of benefits, which also considered the effect of his operations. The medical evidence in the record, since September of 1978, simply does not support Plaintiff's disability claim. Moreover, as the ALJ pointed out (Tr.15), there is insufficient medical evidence referred to in Dr. Anderson's reports to support his conclusion, and it thus should not be given dispositive weight. *Kirk, supra,* 667 F.2d at 538. Accordingly, Plaintiff's first two objections to the ALJ's report are not well taken.

Plaintiff's third and fourth objections present a different matter. Under those objections, Plaintiff argues that even accepting Defendant's interpretation of the relevant medical evidence, Defendant did not meet his burden of proof. Specifically, Plaintiff points out that the physical capacities evaluation filled out by Dr. Shafran states that Plaintiff could stand/walk for four and a half to six hours in an eight hour day, and that he could sit three and a half

to five hours in an eight hour day. (Tr. 209). Plaintiff acknowledges that Dr. Shafran's report "does support the conclusion that claimant could perform *part time* sedentary work." (Doc. # 9, p. 7) (emphasis added). The ALJ found that Plaintiff was limited to engaging in sedentary activity. (Tr.17). Since there is no evidence or reference in the record to the availability of *part time* work, Plaintiff concludes that Defendant has not met his burden to show that Plaintiff can engage in substantial gainful employment.

Absent further explanation from Defendant, Plaintiff's latter objections appear to be well taken. It is true that the ALJ, as Defendant observes, referred to the vocational expert's testimony and Rule 201.22 of the medical vocational (or "grid") guidelines. (Tr.14, 17). In addition, regulations hold that work "may be substantial even if it is done on a part time basis. . . ." 20 C.F.R. § 404.1572(a) (1982); *see also,* 20 C.F.R. § 404.1532(b) (1979). The evaluation form completed by Dr. Shafran would seem to support the view that Plaintiff can only perform part time sedentary work.

■ However, the ALJ never referred to Plaintiff's ability, if any, to perform part time work, or to the above mentioned regulations concerning same. The problem is exacerbated by a point not raised by either party in this case. While some courts agree with Defendant's regulations, and hold that part time work *can* be "substantial gainful employment," as stated in the statutes, *see, e.g., Beasley v. Califano,* 608 F.2d 1162, 1166 (8th Cir.1979); *Blanscet v. Celebrezze,* 217 F.Supp. 859, 864 (W.D.Ark.1963), other courts have held that such employment means *full time* work on a regular basis, *e.g., Tucker v. Schweiker,* 650 F.2d 62, 63–64 (5th Cir.1981); *Diabo v. Secretary of Health, Ed. and Welfare,* 627 F.2d 278, 283 (D.C.Cir.1980). *See generally, Martin v. Harris,* 666 F.2d 1153, 1155–56 (8th Cir. 1981). *Cf. McDowell v. Richardson,* 439 F.2d 995, 997 (6th Cir.1971) (per curiam)

or another government agency can be given some weight, it is not dispositive of a social security claim. 20 C.F.R. § 404.1504 (1982);

*Rodriguez v. Schweiker,* 640 F.2d 682, 686 (5th Cir.1981).

(ability to work only intermittently in an eight hour work day does not meet Secretary's burden).

The Court hesitates to reach any firm conclusion on this issue, given the ALJ's failure to refer to it, as well as the apparent lack of reference to same in the "grid," [2] which the ALJ did apply. Accordingly, the Court deems it appropriate to remand this matter to Defendant, to clarify (and receive additional evidence, if necessary) the following matters:

(1) whether Plaintiff can perform *full time* sedentary work, or, if not,

(2) whether he can, in the facts and circumstances of this case, perform part time sedentary work.

If Plaintiff is unsuccessful upon remand, he may still, of course, pursue his administrative and judicial appeals.

Accordingly, for the aforestated reasons, Defendant's objections to the Magistrate's Report are well taken (in part), and said Report is rejected in its entirety.

WHEREFORE, Plaintiff's motion for summary judgment is overruled, Defendant's motion for summary judgment is overruled, and this matter is remanded to the Secretary for proceedings consistent with this opinion. It is so ordered.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

---

**2.** This Court's perusal of the "grid" regulations, as well as the commentary accompanying promulgation of same, 43 Fed.Reg. 55349–55397 (1978), failed to reveal any reference to part time work, although the availability of such work is, perhaps, implicit in the administrative notice of jobs contained in the "grid." In addition, when the predecessor to the present regulation concerning "part time" work was promulgated, no explanation was offered on how the Secretary derived that interpretation from the language of the statute. *See,* 26 Fed.Reg. 11049 (1961). *See also, Foster v. Ribicoff,* 206 F.Supp. 99, 101 (W.D.S.C.1962) (discussing legislative history of statutory language in question herein; no explicit reference to part time work).