**Angelique GEORGE, by her next friend, Royzetta GEORGE, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**No. 3–82 Civ. 495.**

United States District Court,
D. Minnesota,
Third Division.

Aug. 4, 1982.

Legal Aid Society of Minneapolis, Inc. by Laurie N. Davison, Minneapolis, Minn., for plaintiff.

James M. Rosenbaum, U.S. Atty. by Mary L. Egan, Asst. U.S. Atty., Minneapolis, Minn., for defendant.

## MEMORANDUM ORDER

ALSOP, District Judge.

The above-entitled matter came on for hearing before the undersigned on July 9, 1982 upon plaintiff's motion for partial summary judgment. The court, having heard the arguments of counsel and upon all the briefs, memoranda of law, files, records and proceedings herein, and being otherwise fully advised in the premises, makes the following:

## FINDINGS OF FACT

1. Plaintiff Angelique George is a 13-year old who resides in Minneapolis with her 73-year old grandmother, Royzetta George.

2. Defendant Richard S. Schweiker is Secretary of the U.S. Department of Health and Human Services ("HHS") and as such is charged with the administration of Title II of the Social Security Act, 42 U.S.C. § 401 et seq.

3. Angelique George has resided with Royzetta George and her late husband James N. George since her birth in July of 1968. Angelique is the natural child of Royzetta and James George's son, Paul.

4. Royzetta George first applied for Social Security child's benefits for Angelique George based on her own account in March of 1976. This application was denied.

5. In December of 1979, Royzetta George filed a second application for child's benefits based on her account and also an application for child's benefits on her deceased husband's account, James N. George.

6. Both applications for Social Security child's benefits were denied.

7. Royzetta George appealed the denial of her applications for child's benefits and requested a hearing before an Administrative Law Judge ("ALJ") of the Social Security Administration.

8. On March 25, 1981, Royzetta George's requests for hearing were dismissed. The dismissals were appealed and, on August 11, 1981, the Orders of Dismissal were vacated and the cases remanded for a hearing.

9. On November 13, 1981, a hearing was held before an ALJ of the Social Security Administration on the applications for child's benefits on Royzetta George's account and James George's account.

10. On December 24, 1981, the ALJ issued two fully favorable decisions in a ten-page opinion.

11. The decision relating to James George's account found Angelique George to be eligible for child's benefits based on her December, 1979 application.

12. The decision relating to Royzetta George's account found Angelique George eligible for child's benefits based on her March, 1976 application.

13. On or about March 12, 1982, Royzetta George received a letter from the Southeastern Program Service Center indicating that they were reviewing the ALJ's decisions.

14. On March 15, 1982, counsel for Angelique George wrote back to the Southeastern Program Service Center requesting further explanation of the delay in implementing the ALJ's decisions.

15. On April 16, 1982, after receiving no response to the March 15, 1982 letter, counsel for Angelique George wrote to the Assistant U.S. Attorney requesting assurance that the ALJ's decision would be implemented without further delay.

16. Angelique George has not received any of the retroactive or current Social Security child's benefits to which she is entitled under the ALJ's decisions.

17. On May 4, 1982, the Appeals Council wrote to Royzetta George informing her that it had reopened the ALJ's December 24, 1981 decisions and intended to reverse the decisions.

18. On May 19, 1982, counsel for Angelique George sent a Memorandum of Law to the Appeals Council in opposition to the reopening and reversal of the ALJ's decisions.

19. On June 4, 1982, the Appeals Council issued a Decision in which it reversed the ALJ's decisions and concluded that Angelique George is not entitled to Social Security child's benefits based upon the earnings record of either Royzetta George or James George. In that decision, the Appeals Council stated specifically that reopening in this case was taken pursuant to 20 C.F.R. § 404.988(b) and § 404.989(a)(3).

20. The Appeals Council decided that an initial determination was not made in this case until August, 1980, when the claimant was sent two notices by the Social Security Administration. These two notices were in response to claims that were filed on both wage records by Mrs. George in December, 1979.

21. The Appeals Council held that the record contained insufficient evidence to establish that Mr. George had equitably adopted Angelique George. In addition, the Appeals Council concluded that in determining whether Angelique was an equitably adopted child of Mr. George, the law of Tennessee must be applied, and she was not equitably adopted by Mr. George under the law of that state. Finally, even assuming that Angelique had the status of an equitably adopted child, the Appeals Council concluded that she did not meet the dependency requirement contained in § 202(d)(3) of the Act and § 404.365 of the regulations, and thus, she was not entitled to benefits based on Mr. George's wage record.

22. The Appeals Council also concluded that Angelique did not meet the dependency requirements in order to be a legally adopted child of Mrs. George. In addition, the Appeals Council held that in determining whether Angelique was an "equitably adopted" child of Mrs. George in January, 1971, the law of Tennessee must be applied, and that she was not "equitably adopted" by Mrs. George under the law of that state.

23. The Appeals Council finally concluded that the ALJ's decisions as to both of the wage earners "were incorrect inasmuch as they failed to take into consideration the effect of Tennessee law as regards the child's relationship to Mr. and Mrs. George."

## CONCLUSIONS OF LAW

1. This court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g).

2. The Appeals Council may review a case within 60 days after the date of the hearing decision if there is an error of law. 20 C.F.R. §§ 404.969–404.970.

3. Plaintiff did not receive notice of review from the Appeals Council within 60 days of the hearing decision, so the Appeals Council did not have the power to review the ALJ's decisions under 20 C.F.R. §§ 404.969–404.970.

4. An ALJ's decision may be reopened within four years from the initial determination only when there is good cause to reopen, as defined in § 404.989. 20 C.F.R. § 404.988(b). The Appeals Council reopened the decisions in this case within the four-year time period.

5. 20 C.F.R. § 404.989(a)(3) states that there is good cause to reopen a determination or decision if "the evidence that was considered in making the determination or decision clearly shows on its face that an error was made."

6. An error on the face of the evidence exists where, on the basis of all the evidence in the file on which the determination or decision was based and any evidence of record anywhere in the Administration at the time such determination or decision was made, it is *clear* that the determination or decision was incorrect. *Lauritzen v. Weinberger*, 514 F.2d 561, 563 (8th Cir.1975) (quoting the Social Security Claims Manual).

7. For there to be an error on the face of the evidence, there must have been an injustice to a claimant or manifest error in the record. *Lauritzen, id.*

8. The Appeals Council reopened the decisions based on what it concluded was a misapplication of Minnesota law by the ALJ.

9. That the ALJ followed Minnesota law solely, rather than Tennessee law, in determining whether or not plaintiff was equitably adopted by either Royzetta T. or James N. George is neither "clear injustice" nor "manifest error."

10. Even if the ALJ was wrong in his application of Minnesota law, it was not the type of error which constitutes error on the face of the evidence under 20 C.F.R. § 404.989(a)(3). *Russell v. Califano,* No. C77–1059 (N.D.Ohio Sept. 19, 1978) (error of law not error on the face of the evidence); *Contra, Munsinger v. Schweiker,* No. Civ. 81–206–B (S.D.Iowa May 19, 1982) (notice of appeal has been filed by plaintiff).

11. The Appeals Council was without power to reopen the decisions of the ALJ regarding plaintiff's right to benefits based on the wage records of James N. George and Royzetta George.

Based upon the foregoing Findings of Fact and Conclusions of Law,

IT IS ORDERED That the motion of the plaintiff for summary judgment is granted.

IT IS FURTHER ORDERED That this case is hereby remanded to the Secretary with direction to provide Angelique George with child's insurance benefits based on the earnings records of both James N. George and Royzetta George.

IT IS FINALLY ORDERED That the order of remand is stayed for 20 days from the date hereof. If a valid appeal is filed within such 20 days, the order of remand is stayed during the pendency of such appeal.