Ethel M. MUNSINGER, Appellant,

v.

Richard SCHWEIKER, Secretary of
Health and Human
Services, Appellee.

No. 82–1677.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 16, 1983.

Decided June 14, 1983.

Rehearing and Rehearing En Banc
Denied July 19, 1983.

---

Nick Critelli, James M. Sherburne, Law Offices of Nick Critelli, P.C., Des Moines, Iowa, for appellant.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., Kermit B. Anderson, U.S. Atty., Christopher D. Hagen, Asst. U.S. Atty., Des Moines, Iowa, Randolph W. Gaines, Deputy Asst. Gen. Counsel for Litigation, Nathan Kobin, Atty., Soc. Sec. Div., Baltimore, Md., for appellee.

Before LAY, Chief Judge, and BRIGHT and ROSS, Circuit Judges.

BRIGHT, Circuit Judge.

Ethel Munsinger appeals from the district court's [1] judgment affirming the decision of the Social Security Appeals Council to reduce Munsinger's disability insurance payments. For the reasons outlined below, we affirm the judgment of the district court.

I. *Background.*

On February 18, 1976, Ethel Munsinger sustained a back injury while at work. Beginning on February 18, 1976, she received temporary disability benefits pursuant to the Iowa workers' compensation statute. Iowa Code Ann. § 85.1 et seq. (Supp.1983). Munsinger's worker's compensation benefits ceased October 7, 1977. On December 29, 1977, Munsinger filed an application with the Social Security Administration (SSA) to obtain disability insurance benefits. Following the SSA's denial of her claim, Munsinger filed for reconsideration. During this period, Munsinger also pursued an Iowa workers' compensation action against her employer and its insurance carrier. Munsinger subsequently entered into a settlement of her disputed claim with the insurance carrier. On April 21, 1978, the Iowa Industrial Commissioner entered an order approving the settlement, awarding $32,500 to Munsinger.

On November 1, 1978, the SSA denied Munsinger's application for reconsideration. On January 30, 1979, however, an Administrative Law Judge (ALJ) found Munsinger to be disabled and awarded her benefits based on a period of disability beginning February 18, 1976. The SSA subsequently informed Munsinger of the monthly amounts of her disability insurance benefits and that her first payment, which represented retroactive benefits, amounted to

---

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

$4,085.70. On August 3, 1979, however, the SSA notified Munsinger that they had overpaid her $423.80 due to her receipt of a "workmen's compensation lump-sum settlement" of $32,500, and that future disability insurance benefits would be reduced accordingly. Munsinger requested the SSA to reconsider its determination. On reconsideration, the SSA affirmed the offset of Munsinger's lump sum settlement. The SSA stated:

> [42 U.S.C. § 424a(b) ] provides that a benefit payable as a lump sum which is a commutation of or substitute for periodic payments may be offset. In accepting a lump sum settlement the wage earner gave up his right to pursue a claim for another type workmen's compensation payment. Further, any periodic benefit under a workmen's compensation law or plan is payable on other than a monthly basis (excluding a benefit payable as a lump-sum except to the fact that it is a commutation of, or a substitute for, periodic payments), the reduction under this section shall be made at such time or times and in such amounts as the Secretary finds will approximate as nearly as practicable the reduction (when benefits are payable on a monthly basis).
>
> As pertains to Ms. Munsinger's case, the settlement was approved by the Iowa Industrial Commissioner and is considered a commutation of a periodic benefit. Therefore, the amount remaining after excludable expenses is subject to offset.

The reconsideration decision also stated that the SSA had deducted from Munsinger's $32,500 worker's compensation settlement a total of $16,915.14 for attorney's fees, medical and other related expenses, and that the balance of $15,584.86 would be prorated so that Munsinger's full disability insurance benefits would resume in July 1982. On May 19, 1980, Munsinger appealed the SSA's decision to an ALJ. After conducting a hearing, the ALJ, on July 23, 1980, issued a decision finding that the SSA had improperly reduced Munsinger's disability benefits. On January 19, 1981, however, the appeals council of the SSA notified Munsinger that it had reopened her case because of an error on the face of the record. On March 4, 1981, the appeals council reversed the ALJ's decision.

Munsinger then sought review of the Secretary's decision in federal district court. Munsinger asserted that (1) the appeals council lacked jurisdiction to reopen her case because it failed to act within sixty days of the ALJ's decision, and (2) Munsinger's worker's compensation settlement did not constitute a commutation of, or substitute for, periodic payments, and, consequently, was not subject to disability benefit offset.

Both parties moved for summary judgment. The district court granted the Secretary's motion and entered judgment in favor of the Secretary. The district court specifically found that the appeals council had jurisdiction to reopen Munsinger's overpayment decision and that the settlement constituted a substitute for periodic payments within the meaning of 42 U.S.C. § 424a(b), and therefore, that the Secretary was entitled to offset the settlement against Munsinger's social security benefits. This appeal followed.

## II. Discussion.

### A. Appeals Council Review.

■ Munsinger contends on appeal that the appeals council lacked jurisdiction to decide her case because it failed to act within sixty days of the ALJ's decision as prescribed by 20 C.F.R. § 404.969 (1981). The Secretary construes the regulations as permitting the appeals council to reopen a case within four years of the initial determination when the ALJ's decision contains an error of law.

We observed in *Oglala Sioux Tribe of Indians v. Andrus,* 603 F.2d 707 (8th Cir. 1979):

> It is an established principle that an agency's interpretation of its own regulations is generally accorded great deference by a reviewing court. *See United States v. Larionoff,* 431 U.S. 864, 872, 97 S.Ct. 2150 [2155], 53 L.Ed.2d 48 (1977); *Udall v. Tallman,* 380 U.S. 1, 16–17, 85

S.Ct. 792 [801], 13 L.Ed.2d 616 (1965). This principle is not, however, absolute. A court need not accept an agency's interpretation of its own regulations if that interpretation is inconsistent with the statute under which the regulations were promulgated, is plainly inconsistent with the wording of the regulation, or otherwise deprives affected parties of fair notice of the agency's intentions. *See United States v. Larionoff, supra,* 431 U.S. at 872–73, 97 S.Ct. 2150 [at 2155–56]; *Udall v. Tallman, supra,* 380 U.S. at 16–17, 85 S.Ct. 792 [at 801]; 4 K. Davis, *Administrative Law Treatise* § 30.12, at 260–261 (1958). [603 F.2d at 718.]

Accordingly, we must determine whether the Secretary's interpretation sustaining jurisdiction is plainly inconsistent with the wording of the regulation.

Regulations promulgated by the Secretary authorize the appeals council to initiate direct review of the determination of an ALJ "[a]nytime within 60 days after the date of a hearing decision or dismissal * *." 20 C.F.R. § 404.969 (1981). Sixty days passed before the appeals council reviewed the ALJ's decision. The regulations, however, provide for a later reopening under certain circumstances. Section 404.988 provides in pertinent part:

A determination, revised determination, decision, or revised decision may be reopened—

* * * * * *

(b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case[.] [20 C.F.R. § 404.988(b) (1981).]

"Good cause," as is relevant to this action, exists if "[t]he evidence that was considered in making the determination or decision clearly shows on its face that an error was made." 20 C.F.R. § 404.989(a)(3) (1981).

Munsinger urges that the reopening provisions of section 404.987 are limited to claimants. While we agree that a claimant may utilize the reopening provisions of section 404.987, we do not believe these procedures are limited to claimants. Section

404.987 does not expressly preclude reopening initiated by the administration, nor does it contain language that inescapably leads to that conclusion. Indeed, section 404.988 contains several conditions upon which a determination can be reopened which one would expect to be raised by the Secretary and not the claimant. *See e.g.,* 20 C.F.R. § 404.988(c)(1) (1981) (fraud or other fault). Accordingly, we conclude that sections 404.-987–.995 permit the appeals council to reopen *sua sponte* a prior final decision within the circumstances outlined in 20 C.F.R. § 404.988.

The appeals council predicated reopening of Munsinger's case upon the provisions of 20 C.R.F. §§ 404.988(b)–.989(a)(3). These sections permit reopening within four years of the initial determination where "[t]he evidence that was considered in making the determination or decision clearly shows on its face that an error was made." 20 C.F.R. § 404.989(a)(3) (1981). Munsinger asserts that "error on the face of the evidence" allows reopening only to revise *factual* errors appearing in the record, and that the issue before the appeals council was essentially a legal question, that is, whether a settlement of a disputed worker's compensation claim is a commutation of, or substitute for, periodic worker's compensation payments within the meaning of 42 U.S.C. § 424a(b). The Secretary urges, on the other hand, that errors of law are "errors on the face of the evidence" within the meaning of section 404.989(a)(3).

We have held that "error on the face of the evidence" occurs when injustice has been done a claimant or there exists manifest error in the record. *Lauritzen v. Weinberger,* 514 F.2d 561, 563 (8th Cir.1975). In establishing this standard, we looked to judicial decisions and the administration's Social Security Claims Manual. Courts of appeals which have construed this or an analogous standard have generally involved cases of alleged errors of fact or ultimate fact. *See e.g., Wallace v. Weinberger,* 528 F.2d 700, 705 (6th Cir.1976); *Ortego v. Weinberger,* 516 F.2d 1005, 1017 (5th Cir.1975); *Lauritzen v. Weinberger, supra,* 514 F.2d at

563–65. These cases do not, however, bar the interpretation urged by the Secretary in this action.[2]

The Social Security Claims Manual defines "error on the face of the evidence" as follows:

An error in the face of the evidence exists where, on the basis of all the evidence in the file on which the determination or decision was based and any evidence of record anywhere in SSA at the time such determination or decision was made, it is *clear* that the determination or decision was incorrect.

\* \* \* \* \* \*

A determination or decision which was reasonable on the basis of the evidence in the file and the statute, regulations, instructions, precedents, etc., existing at the time the determination or decision was made, will not be reopened merely because there is a shift in the weight of the evidence, a different inference is now drawn from the evidence, a different rule of law would now be applied, or the statute or regulations have been amended, unless such amendment specifically provides otherwise. \* \* \* In such cases, there is no error on the face of the evidence on which the determination or decision was based (i.e., the "record") which would permit reopening. [Social Security Claims Manual § 7015 (July 1979).]

A case may not be reopened "if the only reason for reopening is a *change* of legal interpretation or administrative ruling upon which the determination or decision was made." 20 C.F.R. § 404.989(b) (1981) (Emphasis added). However, the Claims Manual does not preclude reopening to revise a determination based upon the application of an incorrect legal standard or the misinterpretation of law existing at the time of the determination. Indeed, the Manual contemplates a determination or decision that was reasonable not only on the evidence but also on "the statute, regulations, instructions, precedents, etc., existing at the time

the determination or decision was made \* \* \*." Social Security Claims Manual § 7015 (July 1979). If the evidence clearly shows the result reached to have been legally erroneous at the time it was reached, then it may fairly be said that "[t]he evidence that was considered in making the determination or decision clearly shows on its face that an error was made." 20 C.F.R. § 404.989(a)(3) (1981).

Accordingly, we determine that the Secretary's interpretation of section 404.-989(a)(3) to permit reopening for legal errors is not plainly inconsistent with those regulations. We conclude, therefore, that the appeals council had jurisdiction to reopen Munsinger's overpayment decision to correct an error of law.

### B. *The Merits.*

Munsinger further argues on appeal that the district court erred in concluding that the settlement of a disputed worker's compensation claim is a substitute for periodic worker's compensation payments within the meaning of 42 U.S.C. § 424a(b) to be offset against social security disability benefits.

Section 424a requires offset of social security disability payments against worker's compensation so that the total benefits received by the worker do not exceed eighty percent of the claimant's predisability income. 42 U.S.C. § 424a; *see also Freeman v. Harris,* 625 F.2d 1303, 1306 (5th Cir.1980). Section 424a commutation is geared to periodic payments received by the claimant. Section 424a(b), however, provides:

**(b) Reduction where benefits payable on other than monthly basis**

If any periodic benefit for a total or partial disability under a law or plan described in subsection (a)(2) of this section is payable on other than a monthly basis (excluding a benefit payable as a lump sum except to the extent that it is a commutation of, or a substitute for, periodic payments), the reduction under this

---

2. We observe, however, that two district courts have concluded that an error of law is not "error on the face of the evidence." *George v.*

*Schweiker,* 563 F.Supp. 888 (D.Minn.1982); *Russell v. Califano,* No. C77–1059 (N.D.Ohio Sept. 19, 1978).

section shall be made at such time or times and in such amounts as the Secretary finds will approximate as nearly as practicable the reduction prescribed by subsection (a) of this section. [42 U.S.C. § 424a(b) (1976).]

▮ Under Iowa law, the settlement of a disputed worker's compensation claim is not construed as a payment of weekly compensation. Iowa Code Ann. § 85.35 (Supp. 1983); see *Rich v. Dyna Technology, Inc.,* 204 N.W.2d 867, 870 (Iowa 1973). Munsinger argues that Iowa law is dispositive of the issue before this court. We disagree. Whether Munsinger's federal disability benefits can be offset by a portion of a lump sum settlement authorized pursuant to state law is a federal question. The answer must therefore be sought in the federal statute and its underlying policy, notwithstanding conflicting state law. *Sola Electric Co. v. Jefferson Electric Co.,* 317 U.S. 173, 176, 63 S.Ct. 172, 173, 87 L.Ed. 165 (1942).

▮ In enacting section 424a, Congress sought to eliminate the duplication of benefits that it saw as threatening state workers' compensation programs by encouraging the disabled not to return to work nor attempt any rehabilitation. *Richardson v. Belcher,* 404 U.S. 78, 82–83, 92 S.Ct. 254, 257–58, 30 L.Ed.2d 231 (1971); *Freeman v. Harris, supra,* 625 F.2d at 1306. The Iowa workers' compensation law, with exceptions not relevant to this case, provides the exclusive remedy for an employee against her employer for injuries arising out of her employment. Iowa Code Ann. § 85.20 (Supp.1983).[3] The settlement absolved her employer from any liability under Iowa workers' compensation law. We conclude that in settling her disputed claim, Munsinger received a lump sum which represented periodic payments. Consequently, without an offset, Munsinger would receive

duplicative benefits. To deny the Secretary an offset of the settlement would frustrate congressional intent. We determine that the Secretary's interpretation is consistent with the purposes underlying section 424a(b), and therefore hold that the settlement was a substitute for periodic payments within the meaning of section 424a which the Secretary was entitled to offset against Munsinger's social security benefits.

### III. *Conclusion.*

Accordingly, we affirm the judgment of the district court.

LAY, Chief Judge, concurring and dissenting.

I concur that the appeals council had the authority to reopen this case. However, I do not agree that the Secretary was entitled to offset Munsinger's lump sum settlement payment against her federal disability insurance payments.

It is true that the federal statute[1] determines whether Munsinger's federal benefits may be offset by periodic payments or a commutation of such payments provided under a state worker's compensation law or plan. Contrary to the majority's holding, however, I would think it obvious that the determination of that federal question requires the court to look to state law to discern the true nature of any payments made.

Section 424a(b) of title 42, United States Code (1976 & Supp. V 1981), allows the Secretary to calculate the proper reduction of federal disability insurance payments when the recipient receives "any periodic benefit for a total or partial disability under a law or plan described in subsection (a)(2)" that is payable on other than a monthly basis. The "law or plan described in subsection (a)(2)" in this case is the work-

---

3. Munsinger could not have initiated her action against her employer as an independent tort action. Her sole recourse existed under Chapter 85 for workers' compensation benefits. Munsinger's ability to obtain a settlement in

her case therefore arose as a function of the workers' compensation statute. *See* Iowa Code Ann. § 85.35 (Supp.1983).

1. 42 U.S.C. § 424a(b) (1976 & Supp. V 1981).

er's compensation law of the State of Iowa.[2] Section 424a(b) thus requires that we look to state law to determine whether a payment which the Secretary seeks to offset against federal disability insurance payments is in fact *a periodic benefit under the state worker's compensation law.* From this it follows that it is necessary to look to the state worker's compensation law to determine whether a lump sum benefit is in fact a commutation of or substitute for periodic payments under the state worker's compensation law.

The majority holds that Munsinger's lump sum settlement represented periodic payments, without considering the state's definition of "periodic payments" under its worker's compensation law. Such a holding makes a nullity of the exclusion contained in section 424a(b) of "a benefit payable as a lump sum...." The majority provides only conclusory reasoning, totally contradicting Iowa law,[3] for its holding that this settlement payment represented periodic payments. The majority does not indicate in what circumstances it would find that a "lump sum benefit" was *not* a commutation of or substitute for periodic payments. The only means to determine those circumstances is to look to the manner in which the state worker's compensation law defines "periodic payments," and whether certain

types of lump sum payments are or are not included within that definition.

The majority ignores the clear command of section 424a that the determination of whether a payment is—or is a commutation of—periodic payments be made by looking to the state worker's compensation law. Instead, the court looks to the policy underlying section 424a, and concludes that the State of Iowa's decision to exclude settlement payments from the definition of periodic payments[4] is contrary to that policy and therefore, regardless of what the state worker's compensation law provides, any settlement payment between the employee and the compensation carrier will be construed to represent periodic payments. This ignores the plain meaning of the federal statute which excludes lump sum settlements which are not substitutes for periodic payments.

I would conclude that the district court's grant of summary judgment for the Secretary was inappropriate, and its decision should be vacated.

**2.** *See* 42 U.S.C. § 424a(a)(2)(A) (1976 & Supp. V 1981), which authorizes the reduction of federal disability insurance payments when the recipient is entitled to periodic benefits *"under ... a workmen's compensation law or plan of ... a State ...." Id.* (emphasis added).

**3.** The Iowa Supreme Court has held that evidence of a settlement agreement between an employee and the worker's compensation insurance carrier does not necessarily establish that the settlement payment is to be characterized as compensation under the worker's compensation law. Unless it is intended to comply with the Iowa worker's compensation statutory procedure, such a settlement is nothing more than a resolution of a disputed claim. *Rich v. Dyna Technology, Inc.,* 204 N.W.2d 867, 871–72 (Iowa 1973). In addition, the Iowa statutes provide that payment received by virtue of the settlement of a contested case *"shall not* be construed as the payment of weekly compensation." Iowa Code Ann. § 85.35 (West Supp. 1982) (emphasis added).

In footnote 3 of the court's opinion, the majority holds that since Munsinger's sole cause of action against her employer arose under the worker's compensation statute, her ability to achieve a settlement arose as a function of the worker's compensation statute. The Iowa Supreme Court effectively disposed of a similar contention in *Rich* when it held:

> Plaintiff might have received some intangible, esoteric benefit because of the workmen's compensation law which permitted him to make a settlement with the employer and its compensation carrier. But that type of benefit is certainly not the type of "benefits" contemplated by the exclusionary language of the policy.

204 N.W.2d at 872.

Similarly, in this case the "benefit" Munsinger received as a result of section 85.35 of the Iowa Code certainly is not the type of benefit contemplated by 42 U.S.C. § 424a(b).

**4.** Iowa Code Ann. § 85.35 (West Supp.1982).