**Robert A. MINES; Carolyn J. Howard; Gary Roberts, and a class of persons similarly situated, Plaintiffs–Appellants,**

v.

**Louis W. SULLIVAN \*, Secretary of the Department of Health and Human Services, Defendant–Appellee.**

**No. 91–55034.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 1992.

Decided Dec. 15, 1992.

Kim Savage and Jeanne Finberg, Los Angeles, CA, for plaintiffs-appellants.

Edward R. Cohen, U.S. Dept. of Justice, Washington, DC, for defendant-appellee.

Before: FARRIS, LEAVY, and TROTT, Circuit Judges.

TROTT, Circuit Judge:

The issue in this case is whether the Appeals Council of the Department of Health and Human Services ("Appeals Council") may reopen a decision of an Administrative Law Judge ("ALJ") for errors of law pursuant to 20 C.F.R. §§ 404.988, 404.989, 416.1488, and 416.1489 (1992), or whether reopening under these sections is limited to addressing errors of fact. The

---

\* Louis W. Sullivan is substituted for his predecessor, Otis R. Bowen, M.D., as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1).

district court granted the appellee's motion for summary judgment and held the Appeals Council could reopen a final decision of an ALJ for errors of law under these sections. 715 F.Supp. 293. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291 (1988). We affirm.

### I

Appellants are three individuals, each of whom received favorable decisions from ALJs which were reversed by the Appeals Council when it reopened their cases for errors of law. Appellant Mines' first application for Title II and Social Security Insurance ("SSI") benefits was approved by an ALJ but later rejected by the Appeals Council, which reviewed the decision within 60 days pursuant to 20 C.F.R. §§ 404.969, 404.970, 416.1469 and 416.1470. Mines did not appeal. Instead, he filed a second application for disability six months later— which is the subject of this appeal—and was found eligible by a different ALJ on June 25, 1984. The Appeals Council reopened this decision for "good cause" under 20 C.F.R. § 404.989(a)(3) on September 25, 1984, three months after the ALJ decision. The ground for reopening was that the date of onset of disability established by the second ALJ was in direct contradiction of the Appeals Council decision previously rendered. The Appeals Council concluded that the second ALJ had no jurisdiction to establish a retroactive onset date which the Appeals Council had already rejected.

Appellant Howard received a favorable decision from an ALJ on March 31, 1983, awarding her benefits under Title II and SSI as a disabled child. On March 19, 1984, the Appeals Council reopened and vacated the ALJ's decision on the ground that the evidence before the ALJ was insufficient to establish that Howard met the statutory requirements. Thus, the Appeals Council remanded to a different ALJ for further findings. The second ALJ ruled against Howard on January 30, 1985, and the Appeals Council declined to grant her request for review.

Appellant Roberts was awarded disability benefits under both Title II and SSI, effective on March 14, 1980. He sought and obtained training through the State Department of Vocational Rehabilitation, and was able to begin work on June 1, 1982. The Appeals Council re-evaluated his disability status and determined it had ceased in January 1982 and that his period of entitlement to disability benefits ended in March 1982.

On July 30, 1982, an ALJ determined that Roberts was eligible for benefits through July 1982. The ALJ also held that May 1982 was the ninth month of a trial work period and that following the completion of the trial work period, he was entitled to an extended period of eligibility through August 1984. On June 27, 1985, nearly three years after the ALJ's ruling, the Appeals Council reopened the case because it alleged the ALJ had misinterpreted the pertinent regulations. Based on a correct interpretation of the regulations, the Appeals Council found Roberts' benefits ended in May 1982.

### II

Appellants challenged the decisions of the Appeals Council in district court, arguing the Appeals Council did not have jurisdiction, after 60 days from the date of the ALJ's decision, to reopen the decisions of the ALJs for errors of law. The court concluded the Appeals Council did have jurisdiction. Appellants appeal the issue of whether the Appeals Council had jurisdiction to reopen the decisions of the ALJs for errors of law pursuant to 20 C.F.R. §§ 404.988, 404.989, 416.1488 and 416.1489.

■ The circuits are split on this issue. We adopt the majority view that legal error may constitute good cause for reopening. *Sheppard v. Sullivan*, 906 F.2d 756, 759 (D.C.Cir.1990); *Fox v. Bowen*, 835 F.2d 1159, 1163–64 (6th Cir.1987); *Munsinger v. Schweiker*, 709 F.2d 1212, 1215–16 (8th Cir. 1983). *Contra Gutierrez v. Bowen*, 898 F.2d 307, 311 (2nd Cir.1990); *see Hale v. Sullivan*, 934 F.2d 895, 897 (7th Cir.1991). We conclude the Appeals Council correctly

reopened, for errors of law, the final decisions of the ALJs in the cases before us.

The Department of Health and Human Services' regulations authorize the Appeals Council to initiate direct "review" of an ALJ's disability determination within sixty days of the date of a hearing decision or dismissal. 20 C.F.R. §§ 404.969 and 416.-1469. The regulations expressly provide the Appeals Council may "review" a case within 60 days for errors of law. 20 C.F.R. §§ 404.970(a)(2) and 416.1470(a)(2).

The regulations, however, also authorize the Appeals Council to "reopen" a case after 60 days for, among other things, "good cause." Section 404.988 provides:

A determination, revised determination, decision, or revised decision may be reopened ... (b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case ...

20 C.F.R. § 404.988(b). Similarly, section 416.1488 states:

A determination, revised determination, decision, or revised decision may be reopened ... (b) Within two years of the date of the notice of the initial determination if we find good cause, as defined in § 416.1489, to reopen the case ...

20 C.F.R. § 416.1488(b).

"Good cause" for reopening, as it is relevant to this decision, exists if "[t]he evidence that was considered in making the determination or decision clearly shows on its face that an error was made." 20 C.F.R. §§ 404.989(a)(3) and 416.1489(a)(3). Appellants contend "errors on the face of the evidence" allows reopening after the 60 day review period provided by 20 C.F.R. §§ 404.970(a)(2) and 416.1470(a)(2) only when *factual* errors appear in the record.[1] They urge that each of their cases were reopened for errors of law which are not "errors on the face of the evidence." The Secretary of Health and Human Resources ("Secretary") argues, on the other hand,

that errors of law are "errors on the face of the evidence" within the meaning of sections 404.989(a)(3) and 416.1489(a)(3).

■ The district court's grant of summary judgment is reviewed *de novo*. *Overend v. Sullivan*, 879 F.2d 673, 674 (9th Cir.1989). The Secretary's interpretation of the regulations generally is given great deference. *Schweiker v. Gray Panthers*, 453 U.S. 34, 43–44, 101 S.Ct. 2633, 2639–40, 69 L.Ed.2d 460 (1981). This principle is not, however, absolute. A court need not accept an agency's interpretation of its own regulations if that interpretation is inconsistent with the wording of the regulation or inconsistent with the statute under which the regulations were promulgated. *See United States v. Larionoff*, 431 U.S. 864, 872–73, 97 S.Ct. 2150, 2155–56, 53 L.Ed.2d 48 (1977).

We decided this issue by implication in *Overend* where we said, "The ALJ's legal error in incorrectly attributing 1980 wages to Overend's 1978 wage base was an error clear on the face of the documents in the record and constituted 'good cause' for reopening under §§ 404.988(b) and 404.-989(a)(3)." *Overend*, 879 F.2d at 676. As authority for this conclusion, we cited *Fox*, 835 F.2d at 1163, widely regarded as a leading case on this issue. Because counsel alleges our holding in *Overend* is unclear, we now erase any doubt and hold that the Appeals Council may reopen, for an error of law, a decision of an ALJ pursuant to the sections at issue.

The Social Security Administration's Programs Operation Manual interprets the regulations:

An *error on the face* of the evidence exists where it is *absolutely clear* that the determination or decision was incorrect. That is, based on all the evidence in the file and any evidence of record anywhere in SSA at the time the determination or decision was made, it is unmis-

---

**1.** Initially, Appellants argue the Appeals Council is without authority to reopen a case after 60 days. They argue that allowing the Appeals Council to reopen a case after 60 days would be a violation of due process. This circuit has

already held the Appeals Council practice of reopening a case after 60 days is not a violation of due process. *Overend v. Sullivan*, 879 F.2d 673, 675 n. 2 (9th Cir.1989).

takably certain that the determination or decision was incorrect.

\* \* \* \* \* \*

A determination or decision which was reasonable on the basis of the evidence in the file and the statute, regulations, instructions, precedents, etc., existing at the time the determination or decision was made, will not be reopened merely for the following reasons:

\* There is a shift in the weight of the evidence; or

\* A different inference is now drawn from the evidence; or

\* A different rule of law would now be applied; or

\* The statute or regulations have been amended, unless the amendment specifically provides for reopening. (See GN. 04001.110 for effect of statutory change.)

In such cases, there is no error on the face of the evidence on which the determination or decision was based (i.e., the "record") which would permit reopening. Programs Operation Manual GN. 04010.020 (March 1985) (citation omitted).

Appellants point to 20 C.F.R. §§ 404.-989(b) and 416.1489(b) for the argument that the Secretary may not reopen for errors of law. These sections provide, however, that "good cause" to reopen does not exist "if the only reason for reopening is a *change* of legal interpretation or administrative ruling upon which the determination or decision was made." 20 C.F.R. §§ 404.-989(b) and 416.1489(b) (emphasis added). The Programs Operation Manual does not preclude reopening to revise an ALJ's determination which was "based upon the application of an incorrect legal standard or the misinterpretation of law existing at the time of the determination." *Munsinger*, 709 F.2d at 1216. The regulations prohibit reopening based upon a *change* in legal interpretation because in such a case the evidence does not show error clearly on its face. However, when the ALJ applies an incorrect legal standard or misinterprets the law existing at the time the decision was reached, then "it may fairly be said that '[t]he evidence that was considered in

making the determination or decision clearly shows on its face that an error was made.'" *Munsinger*, 709 F.2d at 1216 (quoting 20 C.F.R. § 404.989(a)(3) (1981)). Based on our reading of the relevant regulations, we conclude that the Secretary's interpretation of them is sound.

We therefore hold that the Appeals Council can reopen a final decision of an ALJ for errors of law pursuant to 20 C.F.R. §§ 404.988, 404.989, 416.1488, and 416.1489 (1992).

AFFIRMED.