**Tammie L.A. SILVIS, Petitioner,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Respondent.**

**Civ. A. No. 83–0243 Erie.**

United States District Court, W.D. Pennsylvania.

Feb. 9, 1984.

Carl N. Moore, Knox, Graham, McLaughlin, Gornall, & Sennett, Inc., Erie, Pa., for petitioner.

Donald E. Lewis, Asst. U.S. Atty., Erie, Pa., for respondent.

## OPINION

MENCER, District Judge.

Tammie L.A. Silvis has petitioned this court, pursuant to 28 U.S.C. § 1361 (1962), for a writ of mandamus. The petitioner seeks to compel the Secretary of Health and Human Services to commence payment to her of Social Security disability insurance benefits and Supplemental Security Income (SSI) benefits. The disposition of the petition hinges on an issue not yet addressed by the court of appeals in this circuit, and decided only by the Court of Appeals for the Eighth Circuit.[1] Stated briefly, the issue is whether the Secretary's regulations permit the Secretary, as well as the claimant, to reopen a determination or decision of an administrative law judge (ALJ) after the sixty-day period for internal appeal has elapsed.

The dispute stems from somewhat unusual facts, perhaps explaining the paucity of relevant precedent and the peculiarity of the remedy sought. Tammie Silvis applied to the Social Security Administration (SSA) for disability insurance and SSI benefits in September 1982. After her initial application and request for reconsideration were denied, Ms. Silvis appeared before an ALJ. The ALJ conducted a hearing and received evidence from both the SSA and Ms. Silvis regarding her claimed disability. In a decision dated April 14, 1983, the ALJ determined that Ms. Silvis was entitled to benefits under both disability programs.

Subsequently, petitioner received a letter dated June 29, 1983 from the Secretary's Office of Hearings and Appeals. That letter notified Ms. Silvis that the Appeals Council had decided to reopen the April 14, 1983 ALJ decision. The letter also informed her that the disability determination made by the ALJ was subject to revision by the Appeals Council and that she could submit additional evidence in support of her claim within twenty days.

Ms. Silvis, by her counsel, directed a letter to the Office of Hearings and Appeals on July 15, 1983 challenging the right of the Appeals Council to reopen and revise the ALJ's decision in her case. She further informed the council that under the Secretary's regulations she was entitled to benefits. She demanded that payment of those benefits commence immediately. It is the understanding of the court that no benefit payments have been made, thus giving rise to this petition for writ of mandamus.

The Secretary's Appeals Council failed to invoke its right to review the ALJ's decision within sixty days after the date of the hearing decision. 20 C.F.R. §§ 416.1469, 404.969 (1983). For obvious reasons, the claimant did not request that the Appeals Council review the ALJ's decision within sixty days as provided by the regulations. 20 C.F.R. §§ 416.1468, 404.968 (1983). The main issue for the court, therefore, is whether the Secretary, acting through the Appeals Council, may, on her own initiative, reopen a decision.

### A. *Jurisdiction*

■ At the outset, we examine the jurisdictional question raised by the Secretary-respondent's motion to dismiss the petition. The Secretary contends that this court does not have subject-matter jurisdiction until the Appeals Council renders a final decision on Ms. Silvis' reopened claim. As the Secretary notes in her brief, it is well settled that a claimant must exhaust all administrative remedies before seeking judicial review. *See* 42 U.S.C. § 405(g) (1980). The very issue in this case, however, is whether the Secretary can properly reopen and revise an ALJ's decision under her regulations. Petitioner has not asked the court to review the Secretary's findings on the question of disability. This dispute involves a purely procedural matter. In essence, petitioner contends that her administrative remedies have been exhausted, a final decision has been rendered in her favor, and now the Secretary seeks to upset, or at least review, that final decision.

---

1. *See Munsinger v. Schweiker*, 709 F.2d 1212 (8th Cir.1983).

The court in *Dietsch v. Schweiker,* 700 F.2d 865 (2d Cir.1983), faced a jurisdictional question similar to the one presented by this case. In *Dietsch,* the claimant sought to compel the Appeals Council to perform its duty with respect to his request for review. The only issue was whether the request had been timely filed. The dispute was purely procedural, unrelated to the merits of the claim for benefits. *Id.* at 868. The *Dietsch* court concluded that jurisdiction existed under 28 U.S.C. § 1361 (1962). The court reasoned that mandamus jurisdiction was proper where otherwise unreviewable procedural issues not related to the merits of a claim for benefits were involved. *Id.*

We accept the holding of *Dietsch*[2] and conclude that subject-matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1361 (1962).

B. *Merits*[3]

The court recognizes that issues of administrative law often involve a delicate balancing of authority among the legislative, executive and judicial branches of government. Accordingly, it is now axiomatic that an agency's interpretation of its own regulations deserves great deference in the courts when the regulations are promulgated with statutory authority. *See U.S. v. Larionoff,* 431 U.S. 864, 872, 97 S.Ct. 2150, 2155, 53 L.Ed.2d 48 (1977); *Udall v. Tallman,* 380 U.S. 1, 16–17, 85 S.Ct. 792, 801–802, 13 L.Ed.2d 616 (1965). We need not defer to the agency, however, if its interpretation is plainly inconsistent with the wording of the regulation, or otherwise deprives affected parties of fair notice of the agency's intentions. *See Larionoff,* 431 U.S. at 872–73, 97 S.Ct. at 2155–56; *Udall,* 380 U.S. at 16–17, 85 S.Ct. at

801–802; 4 K. Davis, *Administrative Law* § 30.12 (1958).

The court has no doubt that the regulations in question here were promulgated with statutory authority. *See* 42 U.S.C. § 405(a) (1935). We now determine whether the Secretary's interpretation, which would permit her to reopen and revise SSA decisions, comports with the wording of the regulations.

On the subject of reopening and revising decisions, the Secretary's regulations provide:

(a) *General.* Generally, if you are dissatisfied with a determination or decision made in the administrative review process, but do not request further review within the stated time period, you lose your right to further review. However, a determination or a decision in your case may be reopened and revised. After we reopen your case, we may revise the earlier determination or decision.

20 C.F.R. § 416.1487(a) (1983).

(b) *Procedure for reopening and revision.* You may ask that a determination or a decision to which you were a party be revised. The conditions under which we will reopen a previous determination or decision are explained in § 416.1488.

20 C.F.R. § 416.1487(b) (1983).

The Secretary explains the conditions for reopening as follows:

A determination, revised determination, decision, or revised decision may be reopened—

(a) Within 12 months of the date of the notice of the initial determination, for any reason;

---

**2.** *See also Ellis v. Blum,* 643 F.2d 68, 78 (2d Cir.1981); *Elliott v. Weinberger,* 564 F.2d 1219, 1225–28 (9th Cir.1977) *aff'd* in part on other grounds *sub nom. Califano v. Yamasaki,* 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979); *Ryan v. Shea,* 525 F.2d 268, 271–72 (10th Cir. 1975).

**3.** 20 C.F.R. § 416 (1983) contains regulations governing the administration of the SSI program. The parallel regulations for the administration of the Social Security Act disability in-

surance program are contained in 20 C.F.R. § 404 (1983). Because the disability insurance regulations are substantially similar, and often identical, to the SSI regulations, the court discusses only the SSI regulations for the sake of convenience. Petitioner seeks relief, however, under both sets of regulations. Accordingly, the holding and order of the court will encompass those relevant regulations found in both 20 C.F.R. §§ 416, 404 (1983).

(b) Within two years of the date of the notice of the initial determination if we find good cause, as defined in § 416.-1489, to reopen the case; or

(c) At any time if it was obtained by fraud or similar fault.

20 C.F.R. § 416.1488 (1983).

The Secretary places great emphasis upon 20 C.F.R. § 416.1488(a) to support her position that the above "reopening regulations" apply to the SSA as well as to the claimant. The court, however, believes that the Secretary's interpretation reads § 416.1488(a) in isolation. We believe that the reopening regulations must be read together to obtain a fair interpretation of them.

On the basis of the wording of §§ 416.-1487 and 416.1488, the court holds that the regulations provide a method by which a claimant who has been denied benefits may seek to have that adverse final decision reopened by the Secretary. The same regulations place the decision to reopen within the Secretary's discretion. The regulations do not authorize the Secretary to reopen a final decision or determination on her own initiative.

The court can see where certain portions of the reopening regulations, when taken out of context, support the interpretation given to them by the Secretary.[4] Those portions, however, do not deal with the question of who may seek to reopen a decision; instead, they deal with the Secretary's discretion to grant or deny a claimant's request that his decision be reopened. Accordingly, the court concludes that the Secretary's interpretation is plainly inconsistent with the wording of the regulation and, in any event, deprives affected parties of fair notice of her intentions.

In addition to the wording of the reopening regulations, the court finds support for its holding in the Secretary's overall regulatory scheme. For example, there are two regulations on the subject of appeals from an ALJ's decision. 20 C.F.R. § 416.1468 (1983) governs a claimant's right to appeal. 20 C.F.R. § 416.1469 (1983) governs the Secretary's right to appeal. Only one set of regulations addresses reopening, and the wording of those regulations more closely parallels the wording of § 416.1468 than it does that of § 416.1469.[5] Moreover, if the court were to accept the Secretary's interpretation of the reopening regulations, the sixty-day time limit imposed on the Secretary's right to appeal, contained in § 416.1469, would be rendered meaningless. That consequence does not follow from the court's interpretation of the regulations, despite the same sixty-day limit contained in § 416.1468, because of the discretion retained by the Secretary in deciding upon a claimant's application to reopen.

■ Finally, the court's decision does not leave the Secretary powerless to review final decisions which she believes to be erroneous. After the time for appeal has elapsed, the Secretary may, and often does, initiate procedures to terminate benefits. While the "improvement standard" for termination of benefits differs from the standard for granting benefits initially, a showing of an erroneous original determination of disability will also support the termination of benefits. *See Kuzmin v. Schweiker*, 714 F.2d 1233, 1238 (3d Cir.1983).

For the foregoing reasons, a writ of mandamus shall issue from this court to the Secretary of Health and Human Services. The Secretary will be directed to compute the amount of benefit payments to be made to the petitioner. That amount shall be

---

**4.** *E.g.,* 20 C.F.R. § 416.1487(a) (1983) ("... After we reopen your case, we may revise the earlier determination or decision."); 20 C.F.R. § 416.-1487(b) (1983) ("... The conditions under which we will reopen a previous determination or decision are explained in § 416.1488."); 20 C.F.R. § 416.1488 (1983) ("A determination, revised determination, decision, or revised decision may be reopened—(a) Within 12 months of

the date of the notice of the initial determination, for any reason; ...").

**5.** 20 C.F.R. §§ 416.1468, 416.1487, 416.1488 address claimant's, as indicated by the second-person pronoun "you." 20 C.F.R. § 416.1469, on the other hand, informs claimants unambiguously that the "Appeals Council" may initiate review.

determined in accordance with the ALJ's findings and decision of April 14, 1983. Payments shall commence immediately. The Secretary's motion to dismiss the petition will be denied.