Gaynell McCUIN

v.

Otis R. BOWEN, Secretary Health &
Human Services.

No. 84–675–L.

United States District Court,
D. New Hampshire.

April 23, 1985.

Alan Linder and Mitchell M. Simon, Concord, N.H., John E. Tobin, Jr., N.H. Legal Aid, Berlin, N.H., for plaintiff.

Susan Howard, U.S. Atty.'s Office, Concord, N.H., for defendant.

## ORDER

LOUGHLIN, District Judge.

The plaintiff is challenging an agency's interpretation of its own regulation.

It is well settled that in such cases courts should afford considerable respect to the agency's interpretation. *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 566, 100 S.Ct. 790, 797, 63 L.Ed.2d 22 ... (1980). Generally, such an interpretation is of controlling weight, unless the reviewing court determines that it is plainly erroneous or inconsistent with the regulation. *Udall v. Tallman*, 380 U.S. 1, 16–17, 85 S.Ct. 792, 801–02, 13 L.Ed.2d 616 ... (1965); *Bowles v. Seminole Rock Co.*, 325 U.S. 410, 413–14, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 ... (1945).

. . . .

Nevertheless, our deference to an agency's interpretation of its own regulations is not total. We still must examine the agency's interpretation to determine if it is consistent with the language of the regulation and with the purpose which the regulation is intended to serve. *Northern Indiana Public Service Co. v. Porter County Chapter of the Izaak Walton League of America, Inc.*, 423 U.S. 12, 15, 96 S.Ct. 172, 174, 46 L.Ed.2d 156 (1975); *Pacific Coast Medical Enterprises v. Harris*, 633 F.2d 123, 131 (9th Cir.1980). Should we decide to accept the agency's interpretation of its regulation, we must then consider whether the regulation so interpreted is consistent with the statute under which it is promulgated. *See United States v. Larionoff*, 431 U.S. 864, 873, 97 S.Ct. 2150, 2156, 53 L.Ed.2d 48 ... (1977). Regulations which are inconsistent with the statute, or contrary to the manifest purposes of Congress in enacting the statute, must be set aside as contrary to law. *Id.; Morton v. Ruiz*, 415 U.S. 199, 237, 94 S.Ct. 1055, 1075, 39 L.Ed.2d 270 (1974). *Cheshire Hospital v. N.H.—Vt. Hospitalization Service, Inc.*, 689 F.2d 1112, 1117–18 (1st Cir.1982).

The hearing decision of July 18, 1983 which was partially favorable to plaintiff, was reopened by the Appeals Council by letter dated March 22, 1984. *See* Transcript at 143. The letter clearly states that the Appeals Council was acting pursuant to 20 C.F.R. § 404.988. *Id.* Plaintiff con-

tends that the Appeals Council must review the ALJ's decision within 60 days of the hearing decision or dismissal, or not at all under 20 CFR § 404.969. Plaintiff asserts that the reopening provisions of 20 CFR § 404.988 must be read in conjunction with the preceding section, 20 C.F.R. § 404.987, and applies only to a claimant initiated review.

### Appeals Council initiates review.

Anytime within 60 days after the date of a hearing decision or dismissal, the Appeals Council *itself* may decide to review the action that was taken. If the Appeals Council does review the hearing decision or dismissal, notice of the action will be mailed to all parties at their last known address.

§ 404.969 (emphasis added)

### Reopening and revising determinations and decisions.

(a) *General.* Generally, if you are dissatisfied with a determination or decision made in the administrative review process, but do not request further review within the stated time period, you lose your right to further review. However, a determination or a decision made in your case may be reopened and

(b) *Procedure for reopening and revision. You may ask* that a determination or a decision to which you were a party be revised. The conditions under which we will reopen a previous determination or decision are explained in § 404.988.

404.987 (emphasis added).

The conditions enunciated in § 404.988 include:

1. Within 12 months of the date of notice of the initial determination, for any reason;

2. within four years of the notice of the initial determination if the agency finds "good cause" to reopen the case;

3. if the determination was obtained by fraud or similar fault;

4. if the determination was wholly or partially unfavorable to the claimant, to correct clerical error or an error that appears on the face of the evidence that was considered when the determination was made.

"Good cause" to reopen a case is defined in 20 CFR § 404.989:

(a) We will find that there is good cause to reopen a determination or decision if—

(1) New and material evidence is furnished;

(2) A clerical error in the computation or recomputation of benefits was made; or

(3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.

(b) We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made.

Defendant asserts that the reopening provisions of 20 CFR § 404.988 do not apply only to a claimant initiated review, but also to the Appeals Council on their own motion. In effect, this extends the Council's sixty day review period enunciated in 20 CFR § 404.969 to twelve months, for any reason, or within four years for "good cause", as defined in § 404.989.

This interpretation of the regulation in question is inconsistent with the clear language of § 404.987. Section 404.987(b) states that § 404.988 explains the conditions that must be met before the agency will reopen a previous determination. Section 404.987(b) is the procedure for reopening and revision initiated by the *claimant.* Although this section does not specifically *prohibit* agency initiated review pursuant to 20 CFR § 404.988, such an interpretation would render meaningless 20 CFR § 404.969, which provides for Appeals Council initiated review of an action *only* within sixty days of a hearing decision of dismissal.

In *Dion v. Secretary of Health and Human Services,* Civil No. 83–442–D, dated April 25, 1984, this court considered a similar issue. Plaintiff had been awarded disability and SSI benefits after a hearing

before an Administrative Law Judge in February, 1982. Nearly a year later, the Appeals Council reopened the ALJ's decision allegedly pursuant to 20 C.F.R. § 416.-1488. The Appeals Council was authorized to review plaintiff's SSI determination within sixty days of the ALJ's determination.

**Appeals Council initiates review.**

Anytime within 60 days after the date of a hearing decision or dismissal, the Appeals Council itself may decide to review the action that was taken. If the Appeals Council does review the hearing decision or dismissal notice of the action will be mailed to all parties at their last known address.

20 CFR § 416.1469 (1983). This provision is identical to 20 CFR § 404.969.

Final determination of SSI claims may be reopened under 20 CFR § 416.1488 (1983). *Dion* at 4.

A determination, revised determination, decision, or revised decision may be reopened—

(a) Within 12 months of the date of the notice of the initial determination, for any reason;

(b) Within two years of the date of the notice of the initial determination if we find good cause, as defined in § 416.-1489, to reopen the case; or

(c) At any time if it was obtained by fraud or similar fault.

*Id.*

Except for the two years limitation to reopen for "good cause", instead of a four year period, § 416.1488 is virtually identical to 20 CFR § 404.988.

In *Dion* this court found that "[t]he Appeals Council had no authority to reopen under 20 CFR § 416.1488, which regulates reopening by claimants. *Id.*

The Appeals Council on its own motion must reopen within sixty days of a hearing decision. 20 C.F.R. § 416.1469. The Appeals Council on its own motion may reopen within sixty days under 20 C.F.R. § 416.1469, but may not reopen under the lengthier timelines of 20 C.F.R.

§ 416.1488. *Silvis v. Heckler*, 578 F.Supp. 1401 (W.D.Pa.1984). The reopening by the Appeal[s] Council on its own motion nearly one year after the ALJ's hearing decision exceeded its authority granted by the regulations, deprived Dion of fair notice of the Secretary's intentions, stripped away the protective cloak of due process, and destroyed the surety which a final, binding decision should guarantee. *See United States v. Larionoff*, 431 U.S. 864 [97 S.Ct. 2150, 53 L.Ed.2d 48] (1977); *Mathews v. Eldridge*, 424 U.S. 319 [96 S.Ct. 893, 47 L.Ed.2d 18] (1976).

*Dion* at 4.

The court's rationale in *Dion* applies with equal force to 20 CFR § 404.988.

The court in *Silvis v. Heckler*, 578 F.Supp. 1401 (W.D.Pa.1984) faced the same issue as presented in *Dion;* whether 20 CFR § 416.1488 permits the Secretary, as well as the claimant, to reopen a decision of an ALJ after the sixty day period for review under 20 CFR § 416.1469 has elapsed. *Silvis*, 578 F.Supp. at 1402. The *Silvis* court believed that the reopening regulations must be read together to obtain a fair interpretation. Preceding § 416.1488 on the subject of reopening and revising decisions, § 20 CFR § 416.1487 provides:

(a) *General.* Generally, if you are dissatisfied with a determination or decision made in the administrative review process, but do not request further review within the stated time period, you lose your right to further review. However, a determination or a decision in your case may be reopened and revised. After we reopen your case, we may revise the earlier determination or decision.

(b) *Procedure for reopening and revision.* You may ask that a determination or a decision to which you were a party be revised. The conditions under which we will reopen a previous determination or decision are explained in § 416.1488.

§ 416.1487 is identical to 20 CFR § 404.987. Reading § 416.1487 in conjunction with § 416.1488, the court held "that the regulations provide a method by which a claimant

who has been denied benefits may seek to have that adverse decision reopened by the Secretary." *Silvis*, 578 F.Supp. at 1404. The court further held that "[t]he regulations [§§ 416.1487, 416.1488] do not authorize the Secretary to reopen a final decision or determination on her own initiative." *Id.*

The Seventh Circuit Court of Appeals believed that the wording of 20 CFR § 404.987 is "particularly suggestive that reopening [under §§ 404.987, 404.988] is intended to be kept for the benefit of the disappointed applicant only...." *Delong v. Heckler*, 771 F.2d 266, 268 (7th Cir.1985). The court in *Delong* did not need to address whether the interpretation of reopening under the regulations *must* be limited so. *Id.*

The defendant cites *Munsinger v. Schweiker*, 709 F.2d 1212 (8th Cir.1983) to support his interpretation of the regulations. In *Munsinger*, the plaintiff urged the court to find the reopening provisions of 20 CFR § 404.987 limited to claimants. The court, while agreeing that a claimant may utilize the reopening provisions of that section, did not believe the reopening procedure in §§ 404.987, 404.988 was limited to claimants. *Munsinger*, 709 F.2d at 1215. The court concluded "that sections 404.987 —995 permit the appeals council to reopen *sua sponte* a prior final decision within the circumstances outlined in 20 CFR 404.988." *Id.*

This court declines to treat *Munsinger* as controlling. The court finds that the conditions for reopening in 20 CFR § 404.-988 must be read in conjunction with the preceding section. Sections 404.987–988 are reopening provisions to be utilized by claimants only. Review by the Appeals Council on their own motion is limited to within sixty days after the date of a hearing decision or dismissal. 20 CFR § 404.969. The court cannot defer to the agency's interpretation of their regulations, when such interpretation is contrary to the clear language contained within the sections. This view was, paradoxically, best stated by the Eighth Circuit Court of Appeals:

Of course, an agency's interpretation of its own regulation is generally accorded deference by a reviewing court. See *United States v. Larionoff*, 431 U.S. 864, 872–73, 97 S.Ct. 2150, 2155–56, 53 L.Ed.2d 48 (1977); *Udall v. Tallman*, 380 U.S. 1, 16–17, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965); *Munsinger v. Schweiker*, 709 F.2d 1212 at 1214 (8th Cir.1983), *citing Oglala Sioux Tribe of Indians v. Andrus*, 603 F.2d 707, 718 (8th Cir.1979). This may be especially true in areas involving complicated statutory schemes such as Medicaid. *See generally Schweiker v. Gray Panthers*, 453 U.S. 34, 43, 101 S.Ct. 2633, 2639, 69 L.Ed.2d 460 (1981); *Abbott-Northwestern Hospital, Inc. v. Schweiker*, 698 F.2d 336, 340 (8th Cir.1983). Nevertheless, courts are the final authority on matters of statutory construction, and are not required to rubber-stamp their affirmance of administrative decisions that are inconsistent with the statutory mandate or that frustrate congressional policy underlying the statute. *Volkswagenwerk Aktiengesellschaft v. Federal Maritime Commission*, 390 U.S. 261, 272, 88 S.Ct. 929, 935, 19 L.Ed.2d 1090 (1968).

*Granville House Inc. v. Department of Health and Human Services*, 715 F.2d 1292, 1296 (8th Cir.1983).

Both parties seek summary judgment, pursuant to Rule 56 of Fed.R.Civ.P.

Summary judgment is proper only if, viewing the record in light most favorable to the nonmoving party, the documents on file disclose no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Early v. Eastern Transfer*, 699 F.2d 552, 554–55 (1st Cir.1983), *cert. denied*, 464 U.S. 824, 104 S.Ct. 93, 78 L.Ed.2d 100 (1984); *Condon v. Local 2944 United Steelworkers of America*, 683 F.2d 590, 594 (1st Cir.1982).

A dispute of fact is material if it " 'affects the outcome of the litigation', and genuine if manifested by 'substantial' evidence 'going beyond the allegations of the complaint.' " *Pignons S.A. de Mecanique*

*de Precision v. Polaroid Corporation,* 657 F.2d 482, 486 (1st Cir.1981) (quoting *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976)). The moving party "bears the burden of showing that there is no genuine issue as to all the material facts necessary to entitle him to judgment." *Donovan v. Agnew* 712 F.2d 1509, 1516 (1st Cir.1983). Once the moving party has made the required showing, the adverse party must demonstrate the existence of a genuine issue for trial. Id.; *White v. Hearst Corporation,* 669 F.2d 14, 17 (1st Cir.1982).

When considering a motion for summary judgment, the court cannot try issues of fact. It can only determine whether there are issues to be tried. *Freeman v. Continental Gin Co.* 381 F.2d 459, 469 (5th Cir.1967); *Minnesota Min. & Mfg. Co. v. U.S. Rubber Co.,* 279 F.2d 409, 415 (4th Cir.1960). Where the evidentiary material submitted in support of a motion for summary judgment "does not establish the absence of a genuine issue summary judgment must be denied." *Donovan v. Agnew,* 712 F.2d at 1516 (quoting Fed.R. Civ.P. 56(e) Notes of Advisory Committee on 1963 Amendment).

This court finds that there are no genuine issues of material fact. The issue is one of interpretation of the regulations. As stated previously, the defendant may not reopen cases on his own motion under 20 C.F.R. § 404.988. This rule applies as well to 42 C.F.R. § 405.750, relating to reopening in Medicare cases, which is governed by 20 C.F.R. § 404.988.

Further, this court finds that plaintiff is entitled to judgment as a matter of law. This court directs the Appeals Council of the Social Security Administration to cease its practice of reopening ALJ's decisions pursuant to 20 C.F.R. § 404.988 and/or 42 C.F.R. § 405.750.

Further this court rescinds the reopening by the Appeals Council of plaintiff's case and of others whose cases were reopened pursuant to 20 C.F.R. § 404.988 and/or 42 C.F.R. § 405.750.

The case is remanded to the Secretary for action consistent with this order.