Patricia WILSON, Plaintiff,

v.

Margaret M. HECKLER *, Secretary of the Department of Health and Human Services, Defendant.

No. CV 84–41–M.

United States District Court,
D. Montana,
Missoula Division.

Sept. 17, 1985.

* This action is dismissed as to the defendant as an individual.

Darrell S. Worm, Kalispell, Mont., for plaintiff.

Allen McKenzie, U.S. Atty., Butte, Mont., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

This is an appeal from a final order of the Secretary denying the plaintiff's application for supplemental Social Security income benefits.[1] The Secretary determined that plaintiff was not entitled to the benefits, because she was considered to be married to a man whose resources exceeded the sum of $2,250. 42 U.S.C. § 1382(a)(2)(B). The only question in this case is whether the adjudication that plaintiff was considered to be married was correct. The governing statute, 42 U.S.C. § 1382c(d)(2), reads:

> (d) In determining whether two individuals are husband and wife for purposes of this subchapter, appropriate State law shall be applied; except that—
>
> . . . .
>
> (2) if a man and woman are found to be holding themselves out to the community in which they reside as husband and wife, they shall be so considered for purposes of this subchapter notwithstanding any other provision of this section.

There were two hearings and two orders of the Appeals Council. Following the first hearing, the Administrative Law Judge (ALJ) decided that plaintiff and one Robert Wilson (Wilson) were considered to be married for the purposes of the Social Security Act and Regulations. Plaintiff requested a review, and on June 30, 1981, notice was given that the request for review was denied. No appeal from that decision was ever taken, but on July 14, 1981, the plaintiff filed a new application. A different ALJ held a second hearing. It is not claimed that there was any change in the relationship between the dates of the first and second hearings, and the ALJ found that at the time of the hearing Wilson and plaintiff were living together. On January 31, 1983, the ALJ made written findings that the plaintiff and Wilson were not considered to be married, and he awarded benefits. More than sixty days later, and on September 28, 1983, the Appeals Council reversed the order of January 31, 1983, and again denied benefits. A timely appeal followed.

The ALJ who held the second hearing treated the application for benefits as a petition to reopen and stated his position with respect to it in this language: "So, what I'm telling you is that as far as changing that decision, the only way it can be changed is if there is new evidence indicating that that decision should have been otherwise." On the second hearing plaintiff and Wilson took the position that they were not married although the first application showed them to be husband and wife. Plaintiff and Wilson did live together. She did wear a wedding ring. She did use the name "Mrs. Robert Wilson." She held out to others that she was married. The Appeals Council, being the trier of fact,[2] was not required to believe the plaintiff and her witness, Wilson. There was sufficient evidence on which the Appeals Council could base a finding that plaintiff and Wilson held themselves out to be husband and wife.

The Secretary reopened the case and reversed the determination of the ALJ under authority of the regulations.[3] The regulations are as follows:

---

**1.** The appeal is authorized by 42 U.S.C. § 405g and 42 U.S.C. § 1383(c)(3).

**2.** *LeMaster v. Weinberger,* 533 F.2d 337 (6th Cir. 1976). *See also Valentine v. Schweiker,* 559 F.Supp. 644 (D.Mont.1983).

**3.** The regulations do rob administrative orders

20 C.F.R. § 416.1487(a) and (b) (1983):

(a) *General* ... However, a determination or a decision made in your case may be reopened and revised. After we reopen your case we may revise the earlier determination or decision.

(b) *Procedure for reopening and revision.* You may ask that a determination or a decision to which you were a party be revised....

20 C.F.R. § 416.1488 (1983):

A determination, revised determination, decision, or revised decision may be reopened—

. . . .

(b) Within two years of the date of the notice of the initial determination if we find good cause, as defined in § 416.-1489, to reopen the case....

20 C.F.R. § 416.1489(a)(3) and (b) (1983):

(a) We will find that there is good cause to reopen a determination or decision if—

. . . .

(3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.

(b) We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made.

■ Plaintiff cites 20 C.F.R. § 416.1469 (1983), which reads in part that "[a]nytime within 60 days after the date of a hearing decision or dismissal, the Appeals Council itself may decide to review the action that was taken." Plaintiff argues that consistency requires that the language of Section 416.1487 be interpreted to apply to plaintiff only. This same contention was made and rejected in *Munsinger v. Schweiker*, 709 F.2d 1212 (8th Cir.1983). In *Munsinger*, the court referred to its observation in *Og-*

*lala Sioux Tribe of Indians v. Andrus*, 603 F.2d 707 (8th Cir.1979), that an agency's interpretation of its own rules is accorded great deference, citing *United States v. Larionoff*, 431 U.S. 864, 872, 97 S.Ct. 2150, 2155, 53 L.Ed.2d 48 (1977). *Munsinger*, 709 F.2d at 1214. The court then went on to say:

Section 404.987 does not expressly preclude reopening initiated by the administration, nor does it contain language that inescapably leads to that conclusion. Indeed, section 404.988 contains several conditions upon which a determination can be reopened which one would expect to be raised by the Secretary and not the claimant. *See e.g.,* 20 C.F.R. § 404.-988(c)(1) (1981) (fraud or other fault). Accordingly, we conclude that sections 404.987–.995 permit the appeals council to reopen *sua sponte* a prior final decision within the circumstances outlined in 20 C.F.R. § 404.988.

*Id.* at 1215. *See Barker v. Mathews*, 427 F.Supp. 16 (E.D.Tenn.1976). Despite some cases to the contrary (*Marsh v. HHS*, No. Civ. S–83–1122–LKK (E.D.Cal., Jan. 23, 1984); *Silvis v. Heckler*, 578 F.Supp. 1401 (W.D.Pa.1984)), I believe the Appeals Council has the power to reopen.

Was there good cause? I think so. 42 U.S.C. § 405(h) makes the findings of the Secretary after a hearing binding upon the parties to the hearing. The regulations embrace the doctrine of res judicata. 42 C.F.R. §§ 416.1457(c)(1) and 416.1472 (1983). The courts have uniformly held that the doctrine of res judicata applies in Social Security cases. In *Stuckey v. Weinberger*, 488 F.2d 904 (9th Cir.1973), the Court said:

Given the effect of § 405, the critical issue becomes its scope: exactly which claims for review are beyond the courts' jurisdiction? The answer is derived from res judicata doctrine, for its limits define

of the finality suggested by 42 U.S.C. § 405(g) and (h), and it might be thought that the regulations, being inconsistent with the statute, are void. *See United States v. Larionoff*, 431 U.S. 864, 873, 97 S.Ct. 2150, 2156, 53 L.Ed.2d 48

(1977). However, the apparent conflict between the law and the regulations is condoned. *See Stuckey v. Weinberger*, 488 F.2d 904, 911 (9th Cir.1973).

the boundaries of the judicial power in cases like this. That doctrine is the vehicle Congress has employed to put some of the Secretary's decisions beyond review.

When applied to administrative decisions, the res judicata doctrine is not as rigid as it is with courts; there is much flexibility which is intended to adapt the doctrine to the unique problems of administrative justice. *See* III Davis § 18.-03. Nevertheless, the doctrine retains full force when applied to adjudications of "past facts, where the second proceeding involves the same claim or the same transaction." *Id.* In those situations, the findings and decisions are res judicata and "the question whether the (tribunal making the decision is) an agency or a court is immaterial." *Id.* There is, therefore, no jurisdiction in the courts to review denials of reopening when the basis for the petition for reopening is an allegedly erroneous factual determination. Reconsideration of those types of issues is barred by § 405, if the Secretary denies reopening.

*Id.* at 911 (footnote omitted).

█ In this case there was no claim of a changed condition. The second ALJ deemed that new and material evidence warranted a change in the findings as to past facts. Where there was substantial evidence to support the initial decision, the record shows on its face that the second ALJ made an error, and the Appeals Council could correct this error under 20 C.F.R. § 416.1489(a)(3) (1983).

The record here is incomplete because one tape containing a portion of the plaintiff's evidence is missing. It is urged that, under these circumstances, the court is unable to determine that the ALJ erred in making his findings. As before stated, neither the second application nor the evidence in support of it reflected a changed condition. If the second application were treated as a petition to reopen, it is apparent that the only ground for reopening was that the first adjudication was wrong. To reach that result the ALJ had to ignore the admissions made by the plaintiff, resolve the admitted conflicts in the evidence in her favor, and draw different inferences from admitted facts than those drawn by the ALJ who first made the findings. Were the Appeals Council obliged to weigh the conflicting evidence, as in the case of an appeal from the findings of an ALJ, there would be merit in plaintiff's argument. Here, however, the Appeals Council did not need to decide on the weight of plaintiff's evidence. Once it appeared that there was a conflict in the evidence and that conflicting inferences could be drawn from it, then the initial decision could not be faulted because the principles of res judicata applied.

The judgment is affirmed.