Henry A. HATFIELD, Plaintiff,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.

Civ. A. No. 85–2258.

United States District Court, W.D. Pennsylvania.

June 2, 1988.

---

**479**

John M. Zeglen, Uniontown, Pa., for plaintiff.

Amy Reynolds Hay, U.S. Atty's. Office, for defendant.

## MEMORANDUM OPINION

COHILL, Chief Judge.

This case is presently before us on cross-motions for summary judgment. The plaintiff Henry A. Hatfield filed a Complaint seeking a writ of mandamus to enjoin the defendant Secretary of Health and Human Services from continuing to recover an alleged disability benefits overpayment from the plaintiff and to compel the Secretary to make proper disability benefit payments. For the reasons set forth below, we will grant the plaintiff's motion for summary judgment and deny the defendant's motion for summary judgment.

## I. BACKGROUND

On April 24, 1980, the plaintiff applied for disability benefits alleging disability since October 23, 1979. On October 31, 1980, an Administrative Law Judge (ALJ) determined that plaintiff was not disabled.

T.62–67. The plaintiff requested a review of this determination on November 5, 1980. T.61. On January 5, 1981, the Appeals Council denied his request for review. T.60.

On February 22, 1982, the plaintiff reapplied for disability insurance benefits. T.193–196. On August 31, 1983, an ALJ concluded that plaintiff was disabled as of October 23, 1979. T.41–45.

On August 2, 1984, the Appeals Council reopened the ALJ's August 31, 1983, determination and found that it was not based on substantial evidence. T.37–40. The Appeals Council vacated the decision and remanded it to the ALJ. On December 26, 1984, the ALJ determined that plaintiff was disabled but found that he was only entitled to disability benefits commencing June 6, 1983. T.24–31.

On April 18, 1985, the Secretary sent the plaintiff a letter explaining that due to the incorrect onset date determination made by the ALJ on August 31, 1983, the plaintiff had been overpaid $27,143.40, and therefore his future monthly disability payments would be decreased by $55.50 so that the Secretary could recover the overpayment. T.5–9. On July 24, 1985, the Secretary's decision became final when the Appeals Council denied the plaintiff's request for a review of the ALJ's December 26, 1984, decision. T.3–4.

## II. ANALYSIS

■ Initially, we note that we have subject matter jurisdiction over this mandamus action. Federal district courts have original jurisdiction over mandamus actions to compel an officer or employee of the United States or any of its agencies to perform a duty owed to the plaintiff. 28 U.S.C. § 1361. Section 1361 jurisdiction is available in social security cases where the dispute involved is purely procedural and is not related to the merits of the plaintiff's claim for benefits. *Belles v. Schweiker*, 720 F.2d 509, 511–512 (8th Cir.1983); *Dietsch v. Schweiker*, 700 F.2d 865, 868 (2nd Cir.1983). The issue involved here is procedural and is therefore properly before this Court.

■ The issue presented is whether the Secretary's regulations permit the Secretary, as well as the claimant, to reopen a determination or decision of an ALJ after the internal appeal period has elapsed. The Social Security Administration regulations governing the resolution of this issue are as follows:

20 C.F.R. § 404.969—**Appeals Council initiates review**

Anytime within 60 days after the date of a hearing decision or dismissal, the Appeals Council itself may decide to review the action that was taken. If the Appeals Council does review the hearing decision or dismissal, notice of the action will be mailed to all parties at their last known address.

20 C.F.R. § 404.970—**Cases the Appeals Council will review**

(a) The Appeals Council will review a case if—

(1) There appears to be an abuse of discretion by the administrative law judge;

(2) There is an error of law;

(3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or

(4) There is a broad policy or procedural issue that may effect the general public interest.

(b) If new and material evidence is submitted with the request for review, the Appeals Council shall evaluate the entire record. It will then review the case if it finds that the administrative law judge's actions, findings, or conclusion is contrary to the weight of the evidence currently in the record.

20 C.F.R. § 404.987—**Reopening and revising determinations and decisions**

(a) General. Generally, if you are dissatisfied with a determination or decision made in the administrative review process, but do not request further review within the stated time period, you lose your right to further review. However, a determination or a decision made in your case may be reopened and revised. After we reopen your case, we may revise the earlier determination or decision.

(b) Procedure for reopening and revision. You may ask that a determination or a decision to which you were a party be revised. The conditions under which we will reopen a previous determination or decision are explained in § 404.988.

20 C.F.R. § 404.988—**Conditions for reopening**

A determination, revised determination, decision, or revised decision may be reopened—

(a) Within 12 months of the date of the notice of the initial determination, for any reason;

(b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case; or

(c) At any time if—

(1) It was obtained by fraud or similar fault;

(2) Another person files a claim on the same earnings record and allowance of the claim adversely affects your claim;

(3) A person previously determined to be dead, and on whose earnings record your entitlement is based, is later found to be alive;

. . . .

In its motion for summary judgment, the plaintiff argues that the Secretary was barred from reopening the August 31, 1983, ALJ decision almost eleven months later on August 2, 1984. He cites regulation 404.969 which provides that the Appeals Council may review a determination only within 60 days after the date of the hearing. The plaintiff further contends that the procedures for reopening are available only to a claimant. Thus, he claims that he is entitled to disability payments starting from October 23, 1979, the disability onset date as determined by the ALJ on August 31, 1983, and not merely from June 6, 1983, the onset date as determined by the ALJ on December 26, 1984, on remand after the allegedly improper reopening.

In response, the Secretary claims that the plaintiff has failed to properly distinguish between on-motion review and reopening procedures. According to the Secretary's interpretation of the regulations,

the Secretary may reopen a case pursuant to regulations 404.987 and 404.988 after the 60 day time limit for on-motion review provided in regulation 404.969 but may do so only under the restrictive criteria set forth in those regulations.

In sum, the precise question before us is whether the Secretary may use the reopening provisions in regulations 404.987 and 404.988 to review a determination on its own initiative. While the Third Circuit Court of Appeals has not directly addressed this question, this Court has confronted it in *Silvis v. Heckler*, 578 F.Supp. 1401 (W.D.Pa.1984) (Mencer, J.).

Although in its Opinion, the *Silvis* court referred only to the Social Security Administration's provisions relating to supplemental security income, the claimant sought both forms of relief, and the court made clear that its holding and order also encompassed the nearly identical disability benefits regulations. 578 F.Supp. at 1403 n. 3. The court concluded that regulations 404.987 and 404.988 provide the method by which the claimant, and not the Secretary, may seek to have an adverse benefits decision reopened by the Secretary. *Id.* at 1404.

In reaching this conclusion, the *Silvis* court found that the Secretary's interpretation of the reopening provisions was flawed in that it was based on a narrow view of the reopening provisions. *Id.* "We believe that the reopening regulations must be read together to obtain a fair interpretation of them." *Id.* The *Silvis* court read regulations 404.987 and 404.988 as providing the method by which the claimant may seek to have an adverse final decision reopened and to place the decision over whether or not to reopen with the Secretary. *Id.* "The regulations do not authorize the Secretary to reopen a final decision or determination on her own initiative." *Id.*

We agree. Regulation 404.987 is entitled "Reopening and revising determinations and decisions." Regulation 404.988 is entitled "Conditions for reopening." These two sections are not independant of each other. Regulation 404.987 repeatedly uses

the word "you" when refering to who may ask for a reopening, clearly intending to refer to the claimant. While the claimant may always request that an adverse determination be reopened, a reopening is not automatically granted. Regulation 404.-987(b) states that the conditions upon which the Secretary will rely in deciding to reopen a decision are set forth at regulation 404.988; the decision regarding reopening to be made *after* the claimant has requested reopening. Regulation 404.988 provides that a case may be reopened within 12 months of the date of notice of the initial decision for any reason, 404.988(a), within four years of the date of notice of the initial determination if the Secretary finds good cause, 404.988(b), or at any time for the conditions listed in 404.988(c).

We find that the language of regulations 404.987 and 404.988 does not grant the Secretary the power to reopen a decision absent a request from the claimant to do so. Our conclusion is based on (1) the clear language of regulations 404.987 and 404.-988 which explain to the claimant how *he* may go about reopening a decision; (2) the absence of language which states, either directly or inferentially, "The Secretary may reopen a determination even without a request from the claimant"; (3) the fact that the 60 day time limitation provided in regulation 404.969 would be rendered meaningless by the Secretary's interpretation. *See Weinstein v. Bowen*, 666 F.Supp. 1131, 1136 (N.D.Ill.1987) (Regulation 404.-987 provides an option to reopen that can only be initiated by the claimant). *See also Delong v. Heckler*, 771 F.2d 266, 268 (7th Cir.1985) (in dicta stated that the word "however," in 404.987(a) suggests that reopening is intended only for the benefit of a disappointed applicant).

We also agree with the First Circuit Court of Appeals that the Secretary's interpretation would violate the claimant's due process rights in that the Secretary's claimed reopening powers would deprive the claimant of any expectation that his judgment is final until four years after the determination is made, *McCuin v. Secretary of Health and Human Services*, 817

F.2d 161, 172–73 (1st Cir.1987). The *McCuin* court asserted; "No other tribunal would be permitted to announce to a party that it has made a decision but that it reserves the right to change its mind for a period of four years. Such a "decision" gives with one hand what it takes away with the other. In effect, it signifies nothing other than that a final decision will not occur for at least four years." *Id.* at 173.

Finally, we find it unjust to hold the plaintiff to the Secretary's interpretation which is in no way based on clear and unambiguous regulatory language. While the Secretary's interpretation of the regulations usually deserves great deference, *U.S. v. Larionoff,* 431 U.S. 864, 872, 97 S.Ct. 2150, 2155–56, 53 L.Ed.2d 48 (1977), no deference is warranted where that interpretation is plainly inconsistent with the language of the regulation. *Id.* at 872–73, 97 S.Ct. at 2155–56; *South Georgia Natural Gas Co. v. Federal Energy Regulatory Comm'n.,* 699 F.2d 1088, 1090 (11th Cir. 1983).

We recognize that the Secretary's position has been adopted in other jurisdictions. *See Fox v. Bowen,* 835 F.2d 1159, 1163 (6th Cir.1987); *Cieutat v. Bowen,* 824 F.2d 348, 357 (5th Cir.1987); *Zimmerman v. Heckler,* 774 F.2d 615, 617 (4th Cir.1985); *Munsinger v. Schweiker,* 709 F.2d 1212, 1216 (8th Cir.1983); *Gerstein v. Bowen,* 680 F.Supp. 1200, 1208–09 (N.D.Ill.1988). *See also Butterworth v. Bowen,* 796 F.2d 1379, 1385–86 (11th Cir.1986) (reopening by the Secretary permitted but only by a component of the Social Security Administration with jurisdiction of the claim at the time of reopening). However, we respectfully disagree with these decisions. They rely to a great extent on the observation that there are provisions in 404.988 which only the Secretary is likely to raise in an attempt to reopen a case. *See, e.g., Munsinger,* 709 F.2d at 1215; *Gerstein,* 680 F.Supp. at 1208. While this may be true, we find it difficult to conclude that this fact requires the reopening provisions, as written, to be available to the Secretary. We will follow what we perceive to be the only reasonable reading of the Secretary's regulations.

We find that the Secretary may not on his own initiative reopen a disability determination. Therefore, the Secretary here improperly reopened the ALJ's decision of August 24, 1983. That determination must stand as the final and binding determination of the Secretary and thus the plaintiff is entitled to disability benefits as of October 23, 1979. We will grant the plaintiff's motion for summary judgment and deny the Secretary's motion for summary judgment.

An appropriate Order will issue.

## ORDER

AND NOW, to wit, this 2nd day of June, 1988, it is ORDERED, ADJUDGED and DECREED that;

1) the plaintiff's Motion for Summary Judgment be and hereby is GRANTED;

2) the defendant's Motion for Summary Judgment be and hereby is DENIED;

3) the defendant be and hereby is DIRECTED to cease its attempt to recover $27,143.40 from the plaintiff;

4) the defendant be and hereby is DIRECTED to reimburse the plaintiff a sum computed by multiplying $55.50 times the number of months that the defendant commenced reducing the plaintiff's monthly payments; and

5) the defendant be and hereby is DIRECTED to compute the amount of benefit payments to be made to the plaintiff in accordance with the Administrative Law Judge's decision of August 31, 1983, and to immediately commence issuing said benefits payments.