Robert A. MINES, Carolyn J. Howard, Gary Roberts, and a class of persons similarly situated, Plaintiffs,

v.

Otis R. BOWEN, Secretary, Department of Health and Human Services, Defendant.

No. CV 85–3565 TJH.

United States District Court, C.D. California.

June 19, 1989.

Dean K. Franks, Jr., Deborah Baldwin, Sally Hart Wilson, Gill Deford, National Senior Citizens Law Center, Los Angeles, Cal., for plaintiffs.

Robert C. Bonner, U.S. Atty., Frederick M. Brosio, Jr., Asst. U.S. Atty., Chief, Civil Div., George H. Wu, Asst. U.S. Atty., Los Angeles, Cal., for defendant.

## OPINION AND ORDER

HATTER, District Judge.

### BACKGROUND

Plaintiffs, Robert Mines, Carolyn J. Howard and Gary Roberts seek disability benefits from the Social Security Administration, under Social Security Title II, (Old Age, Survivors, Disability Benefits), XVI (Supplemental Security Income) and XVIII (Medicare), Title XVI and Title XVIII Programs, and, as class representatives, challenge the administrative review policies of the defendant, Otis R. Bowen, the Secretary of the Department of Health and Human Services ("Secretary").

Although the initial determination and preliminary review procedures differ for claimants for benefits under Titles II, XVI and XVIII, the subsequent hearing procedure for all three groups is before Social Security Administrative Law Judges ("ALJ"). From the hearing stage on, through Appeals Council review and judicial review in the federal district court, the appeals process is substantially the same for all three of these Social Security Act programs.

The review process for receiving benefits begins with an initial determination of a claimant's case. If the claimant is not satisfied with that determination, he or she may file for reconsideration of that initial determination. If the claimant is still dissatisfied with the result, he or she may appeal to the ALJ. If the claimant wishes to further challenge the ALJ's resolution of his or her claim, the claimant may seek review by the Appeals Council. Finally, after claimant has exhausted this administrative process, and is still dissatisfied with the result, he or she may request district court review of the claim.

Each plaintiff in this action received a favorable determination by an ALJ in his or her claim for benefits from the Administration. Instead of requesting review within sixty (60) days of the ALJ decision, 20 C.F.R. § 404.969, the Secretary reopened the claims substantially beyond the sixty-day limit set forth in the review regulations. The Appeals Council reopened Mines's case ninety-two (92) days after the ALJ's favorable determination, reopened Howard's case nearly one year (354 days) after the ALJ's favorable determination, and reopened Roberts's case thirty-one (31) months after the ALJ's favorable decision.

### THE APPLICABLE REGULATIONS

The review regulations, 20 C.F.R. §§ 404.969, 404.970, permit the Secretary's Appeals Council to review the ALJ's determination.

**§ 404.969 Appeals Council initiates review.**

Anytime within sixty (60) days after the date of a hearing decision or dismissal, the Appeals Council itself may decide to review the action that was taken....

**§ 404.970 Cases the Appeals Council will review.**

(a) The Appeals Counsel will review a case if—

(1) There appears to be an abuse of discretion by the administrative law judge;

(2) There is an error of law;

(3) The action, finding or conclusions of the administrative law judge are not supported by substantial evidence; or

(4) There is a broad policy or procedural issue that may affect the general public interest.

The reopening procedures are contained in 20 C.F.R. §§ 404.987–404.989.

**§ 404.987 Reopening and revising determinations and decisions.**

(a) *General.* Generally, if you [the claimant] are dissatisfied with a determination or decision made in the administrative review process, but do not request further review within the stated time period, you lose your right to further review. However, a determination or a decision made in your case may be reopened and revised. After we reopen your case we may revise the earlier determination or decision.

(b) *Procedure for reopening and revision.* You may ask that a determination or decision to which you were a party be revised. The conditions under which we will reopen a previous determination or decision are explained in § 404.988.

**§ 404.988 Conditions for reopening.**

A determination, revised determination, decision, or revised decision may be reopened—

(a) Within 12 months of the date of the notice of the initial determination, for any reason;

(b) Within four (4) years of the date of notice of the initial determination, for good cause, as defined in § 404.989, to reopen the case; or

(c) At any time if—

(1) The favorable decision was obtained by fraud or similar fault;

. . . .

(9) It finds that you are entitled to monthly benefits or to a lump sum death payment based on the earnings of a deceased person, and it is later established that: (i) You were convicted of a felony or an act in the nature of a felony for intentionally causing that person's death;

. . .

**§ 404.989 Good cause for reopening.**

(a) We will find that there is good cause to reopen a determination or decision if—

(1) New and material evidence is furnished;

(2) A clerical error in the computation . . . of benefits was made; or

(3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.

(b) We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made.

## THE PARTIES' ARGUMENTS

Plaintiffs contend that only a claimant can reopen a case. They argue that, unlike the review procedures, which specifically provide for the Secretary to initiate the review process, the regulation governing the reopening process provides only for the initiation by the claimant.

They further assert that the other parts of the Appeals Council review and reopening regulations, those provisions dealing with who can initiate the processes, must be read together. They claim that unless the reopening process is limited to claimants, the sixty-day and other requirements of the review process would be rendered meaningless.

The Secretary interprets the regulations to allow the Appeals Council to reopen cases *sua sponte*. The Secretary argues that the regulations concerning reopening do not explicitly prohibit the Appeals Council from reopening. Instead, the regulation tells claimants of the availability of the reopening process. The Secretary further argues that limiting reopening to claimants becomes more unreasonable when one considers the impact of the other parts of 20 C.F.R. § 404.988. In short, the regulations only make sense if both the claimants and the Appeals Council, alike, are allowed to reopen a case.

As an example, the Secretary cites 20 C.F.R. § 404.988(c)(1), which allows reopen-

ing where the benefits had originally been "obtained by fraud or similar fault." He asserts that a claimant having committed a fraud would never invoke this provision—it was intended to be for the benefit of the Secretary.

Finally, the Secretary argues that courts generally defer to the Secretary's interpretation of his own regulations unless the interpretation is "plainly erroneous or inconsistent with the regulation." *Razey v. Heckler*, 785 F.2d 1426, 1428 (9th Cir.1986).

## OTHER DECISIONS

While the Ninth Circuit has not addressed whether the Secretary may reopen cases, several appellate and district courts have ruled on this issue. However, there are three different views on how to resolve this problem.

The first view holds that only claimants may initiate reopening. *McCuin v. Secretary of Health and Human Services*, 817 F.2d 161 (1st Cir.1987); *Hatfield v. Bowen*, 685 F.Supp. 478 (W.D.Pa.1988); *Silvis v. Heckler*, 578 F.Supp. 1401 (W.D.Pa.1984); *Everhart v. Bowen*, 694 F.Supp. 1518 (D.Colo.1987).

The second view would allow the Secretary to reopen cases, but it would limit reopening to the component of the administration that had made the decision or that had the decision properly before it for review. *Butterworth v. Bowen*, 796 F.2d 1379 (11th Cir.1986).

The final view provides that the procedures set forth in section 404.987 are available to both the claimants and the Secretary. *Zimmermann v. Heckler*, 774 F.2d 615 (4th Cir.1985); *Cieutat v. Bowen*, 824 F.2d 348 (5th Cir.1987); *Fox v. Bowen*, 835 F.2d 1159 (6th Cir.1987); *Munsinger v. Schweiker*, 709 F.2d 1212 (8th Cir.1983); *Higginbotham v. Heckler*, 767 F.2d 408 (8th Cir.1985); *Gutierrez v. Bowen*, 702 F.Supp. 1050 (S.D.N.Y.1989); *Gerstein v. Bowen*, 680 F.Supp. 1200 (N.D.Ill.1988); and *Wilson v. Heckler*, 617 F.Supp. 899 (D.Mont.1985).

## DISCUSSION

The language of section 404.987(a) is ambiguous. This section states that the claimant loses the right to further review if a review request is not made within the time limits. It then states: "However, a determination or a decision made in your case may be reopened and revised. After we reopen your case we may revise the earlier determination or decision." These two sentences can certainly be read to mean that after the sixty-day time limit of the review process has run, a claimant can seek to reopen the case. However, the sentences do not state that only a claimant may reopen the case. Such a reading would not be logical. As the Secretary states, few, if any, of the reasons listed in section 404.988(c) would ever be used by a claimant to reopen a claim.

Further, prior to 1980, the regulations clearly gave the Appeals Council the right to reopen *sua sponte*. *See* 20 C.F.R. §§ 404.956, 404.957 (1978). The legislative history to the 1980 revision of the regulations states that "no substantive changes have been made," although "several provisions have been clarified." *See* 45 Fed. Reg. 52078 (1980). Certainly, removing the Appeal Council's power to reopen *sua sponte* would be a substantive change.

Finally, as the Ninth Circuit noted:

We generally defer to an administrator's interpretation of her own regulations unless it is "plainly erroneous or inconsistent with the regulation." 2 K.C. Davis, *Administrative Law Treatise* § 7:22 at 105–06 (2d ed. 1979). Although these regulations are subject to several interpretations, the Secretary's reading of them is not plainly erroneous.

Congress has afforded the Secretary broad discretion in this area. *See* 42 U.S.C. § 405(a) (1982).

*Razey v. Heckler*, 785 F.2d 1426, 1428 (9th Cir.1986).

Plaintiffs seek to represent a class which consists of individuals: (1) who, on or after May 28, 1979, had or will have a claim for benefits under Titles II, XVI or XVIII of the Social Security Act determined favorably (in whole or in part) by an ALJ; (2) whose ALJ decision was not or will not be reviewed by the Appeals Council within sixty (60) days of the date of that decision;

and (3) who was not and is not a named plaintiff or class member in any other case which challenges the Appeals Council's review of the ALJ's decision more than sixty (60) days after the date of that decision. However, based upon this Court's conclusion that the Secretary has the right to reopen a case, such a class action is moot.

### ORDER

IT IS ORDERED that plaintiffs' motions for class certification and summary judgment be, and hereby are, denied.

IT IS FURTHER ORDERED that, *sua sponte,* summary judgment for the defendant be, and hereby is, granted.